298 So.2d 130 (1974)
Mrs. Jesse T. BOYETTE, Jr.
v.
CHRYSLER CREDIT CORPORATION and John Hancock Mutual Life Insurance Company.
No. 9873.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 24, 1974.
Tom H. Matheny, Hammond, for appellant.
Duncan S. Kemp, III, Hammond, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge:
This is an appeal by plaintiff Mrs. Jesse T. Boyette, Jr. from a judgment dismissing her suit for the proceeds of a credit life insurance policy allegedly due because of the death of her husband. Defendant is John Hancock Mutual Life Insurance Company.
On October 16, 1964, Hancock issued to Chrysler Credit Corporation a group life insurance policy, on the lives of various debtors become insured on the date they amounts of their indebtedness as of the date of death. The policy provides that debrors become insured on the date they become eligible and pay the charge for the insurance "subject, however, .... to completion of a Declaration of Good Health satisfactory to the Company..."
On December 24, 1970, Jesse T. Boyette, Jr. purchased an automobile from Parish Motors, Inc., which was financed through Chrysler. The chattel mortgage form shows a charge of $34.41 for Credit Life Insurance. The form includes a statement, signed by Mr. Boyette, that he desired to obtain the insurance. Further down on the form, is found the following:
"DECLARATION OF GOOD HEALTH. Applicable Where A Charge Has Been Authorized in 4b Above and Insurance Under John Hancock Group Policy No. 17680-GCI is Proposed. I, the Buyer, proposed for life insurance, in order to induce John Hancock to effect *131 such insurance, do hereby declare that to the best of my knowledge and belief I am now in good health. I hereby authorize any physician or hospital to disclose to John Hancock in the event of my death all information concerning my medical history prior to the date of this contract."
On January 28, 1971, Mr. Boyette died. According to the death certificate, he died of acute recurrent myocardial infarction, due to or as a consequence of advanced coronary artery disease, due to or as a consequence of previous myocardial infarction.
The record shows that Mr. Boyette had suffered a heart attack on November 8, 1969. He was still disabled as a result thereof at the time he acquired the automobile. Dr. Glen T. Scott, his physician, testified that, as of June, 1970, when he last saw Mr. Boyette, he was of the opinion that Mr. Boyette was unable to work, but that, with a year of rehabilitation, should have been able to return to his employment. He further testified that Mr. Boyette was aware of his condition. It further appears that Mr. Boyette had applied for disability benefits under the Social Security Act in June, 1970.
The trial court concluded from the foregoing that Mr. Boyette was not in good health when he obtained the insurance, that he knew it, and that his declaration of good health was a material misrepresentation. He further found that no agency relationship between Parish and Hancock had been shown, and that Parish's possible knowledge of Mr. Boyette's condition could not be imputed to Hancock. Plaintiff complains of the findings of the trial court in both respects.
R.S. 22:619(B) provides as follows:
"In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."
Although the courts have been somewhat inconsistent in interpreting the foregoing statute, we think the weight of authority is that, when attempting to avoid liability under the policy because of misrepresentations in the application, an insurer must prove that the false statement was made with intent to deceive and that it materially affected either the acceptance of the risk or the hazard assumed. See Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957); Stoma v. Prudential Insurance Company of America, 281 So.2d 871 (La.App. 3 Cir. 1973).
We think it clear from the record that Mr. Boyette was not in good health when he purchased the car, and that he knew it. Since the declaration of good health appears in the chattel mortgage which was signed by Mr. Boyette, we presume he was aware that he was making such a declaration, and that it was false.
In the recent case of Murphy v. Continental Casualty Company, 269 So.2d 507 (La.App. 1 Cir. 1972), we held that the existence of an intent to deceive "must be determined in the light of the attending circumstances, including the insured's knowledge of the falsity of the statement and his belief of the materiality thereof, or the existence of circumstances from which it may be reasonably assumed the insured must have believed the statement to be material."
In this case, the defendant insurance company offered no evidence whatsoever. Although, under R.S. 22:619(B), it bears the burden of proof, there is nothing in the record to show that Mr. Boyette was aware of the materiality of his misrepresentation, or that the misrepresentation materially affected the hazard assumed. *132 Under the Gay case, supra, both of these items must be proved if the defendant is to avoid liability. We are unable to speculate as to the actuarial factors involved in fixing the premiums in a group policy of this nature, nor can we guess what effect the misrepresentation made in this case might have on the entire risk assumed by Hancock. Hancock did not even prove that it would not have issued the policy had it known of the state of Mr. Boyette's health.
Since defendants have failed to carry their burden of proof, plaintiff is entitled to the relief prayed for.
The judgment appealed from is reversed, and there will be judgment in favor of plaintiff, Mrs. Jesse T. Boyette, Jr., ordering defendant John Hancock Mutual Life Insurance Company to pay Chrysler Credit Corporation the sum of $4,146.24, being the total of payments due to Chrysler under the chattel mortgage executed by Jesse T. Boyette, Jr. All costs of this appeal are to be paid by Hancock.
Reversed and rendered.