311 So.2d 558 (1975)
Mrs. Doris Parfait, widow of Edison J. PARFAIT, and Administrator of the Estate of Edison J. Parfait
v.
The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, and Standard Mortgage Corporation.
No. 6759.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Rehearing Denied May 15, 1975.
Writ Refused June 23, 1975.
Garland R. Rolling, Metairie, for plaintiff-appellant.
Phelps, Dunbar, Marks, Claverie & Sims, Eugene R. Preaus, New Orleans, for defendants-appellees.
Before GULOTTA, MORIAL and BEER, JJ.
*559 MORIAL, Judge.
This is a suit by the wife of a deceased insured to recover the proceeds of a decreasing term (mortgage cancellation) life insurance policy and to have them paid to the named beneficiary, Standard Mortgage Corporation, a nominal defendant. The life insurance company defended by showing that the insured procured the policy by false statements. Except to order the refund of premiums paid in the amount of $79.60, the district court rendered judgment for the insurance company. We affirm.
Sometime in 1972 plaintiff requested via telephone of Standard Mortgage Corporation information about insurance on the life of her husband. She was sent an application of the insurance company. In addition to blanks pertaining to census data, the application contained two questions. One question asked, "1. During the last three years, have you been hospitalized or have you consulted a physician for any reason?" The other question asked, "2. Have you ever been treated for or advised that you had any of the following: heart, lung, nervous or kidney disorder, high blood pressure, cancer or tumor?" To each question the answer reflected on the form is "NO."
Plaintiff testified she completed the application by reading each question to her husband and accurately reflected his responses thereto. She dated the application "8/12/72." The application became a part of the insurance contract. On the application at the end of the two questions above the signature of the insured's (which plaintiff testified she signed) appears the statement which reads in part:
* * * * * *
"Information in this application is given to obtain insurance and is true and complete to the best of my knowledge and belief * * *."
The policy applied for was issued effective August 21, 1972. It contained the statutory two-year incontestability clause. LSA-R.S. 22:170, subd. A(2). On November 29, 1973, the insured died.
The district court found as a fact that the insured and his wife both knew the answers to the questions were false; that they were aware that the answers were material to the acceptance of the risk by the insurance company; and that the insured had the intent to deceive. Specifically the court found that Dr. James Webb had treated the insured for high blood pressure from 1965 to 1972 and that the deceased was on antihypertensive medication and several diets over the years.
Dr. Webb's deposition, which forms a part of the record, discloses that the insured had continuous trouble keeping both his blood pressure and his weight down. Further, he advised both the insured and the plaintiff, separately and together, that the insured had high blood pressure. After his initial visit to Dr. Webb on September 23, 1965, the insured was examined by Dr. Webb five times in 1967 and once in 1968. In April 1972, Dr. Webb prescribed medication via telephone. On June 2, 1972, slightly over two months before he made application for insurance, the insured was seen by Dr. Webb. On this examination his blood pressure was 150 over 100 and he was advised to continue on the antihypertensive medicine. Dr. Webb diagnosed his condition as hypertension, obesity, gout and upper respiratory infections.
Plaintiff's testimony on deposition revealed that she was cognizant of her husband's history of high blood pressure and that he knew of his history of high blood pressure.
Plaintiff attacks the judgment of the district court. She argues that under LSA-R.S. 22:619(B)[1] the burden of proof *560 is on the defendant insurance company and relies on Boyette v. Chrysler Credit Corporation, 298 So.2d 130 (La.App. 1 Cir. 1974).
Before an insurer may successfully plead LSA-R.S. 22:619(B) as a defense to a policy of insurance it is required to prove that the material misstatement was made either fraudulently or with intent to deceive and that it materially affected either the acceptance of the risk or the hazard assumed. Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957); Knight v. Jefferson Standard Life Ins. Co., 205 So.2d 485 (La.App. 1 Cir. 1967); Trahan v. Security Life & Trust Co., 199 So.2d 617 (La.App. 3 Cir. 1967). See Lentz v. Metropolitan Life Insurance Company, 428 F.2d 36 (5 Cir. 1970).
Intent to deceive may involve either knowledge of falsity of the statement and its materiality to the risk or circumstances in which an insured must have known the statement to be material to the risk. Strict proof of fraud is not required. Murphy v. Continental Casualty Company, 269 So.2d 507 (La.App. 1 Cir. 1972).
We think it clear from the record that the insured had consulted a physician within the last three years of the date of completion of the application. He had been treated for and advised that he had high blood pressure, and he and the plaintiff knew it. Both unmistakenly knew that the answers were false.
In Boyette, the defendant insurer offered no evidence whatsoever. In this case, defendant insurer elicited testimony of both the treating physician and the plaintiff, as to the insured's knowledge of his medical history of high blood pressure. Defendant insurer further produced evidence of the materiality of a history of high blood pressure to the acceptance of the risk.
Both elements required by Gay for the avoidance of a policy on a LSA-22:619(B) defense were proven in this case. According to the careful findings of the district court "* * * Mr. and Mrs. Parfait were aware that the statement was material to the acceptance of the risk; that is, that Mr. Parfait had the requisite intent to deceive * * *." Defendant insurer has carried its burden of proof.
We find no error of law nor erroneous findings of fact.
Affirmed.
NOTES
[1] R.S. 22:619(B) provides as follows: "In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."