314 So.2d 472 (1975)
Mrs. Ruth C. MISTRIC, Indiv., etc.
v.
REPUBLIC NATIONAL LIFE INSURANCE COMPANY et al.
No. 10213.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
Rehearing Denied June 30, 1975.
Writ Refused September 25, 1975.
*473 James D. Thomas, II, Baton Rouge, for appellant.
John C. Miller and James H. Hynes, Baton Rouge, for Republic National Life Ins. Co.
Michael A. Patterson and William D. Kiesel, Baton Rouge, for McCaa Electric, Inc. and Indusco, Inc.
Before LOTTINGER, COVINGTON and BAILES, JJ.
COVINGTON, Judge.
This is an appeal by Mrs. Ruth C. Mistric, individually and as provisional administratrix of the estate of her husband, from a judgment dismissing her action for the proceeds of a life insurance policy, in which she was the named beneficiary, allegedly due because of the death of her husband, Leon Mistric.
The facts show that Leon Mistric was employed by Indusco, Inc., an affiliate of McCaa Electric, Inc., on May 15, 1970, as a supervisor of industrial construction. At that time the company participated in a group insurance policy issued by Republic *474 National Life Insurance Company, in which McCaa Electric, Inc. & Affiliates was named group policyholder. Under the provisions of the master policy, a new employee such as Mistric, had a certain period of time within which to elect to be covered by the group insurance plan without having to furnish evidence of insurability. The master policy provided that during this period of time the new employee had to request the insurance coverage on the insurer's form and deliver the form to the group policyholder.
It is established that Mistric timely made his request for coverage on the insurer's form and duly delivered it to the group policyholder, and that insurance premiums were deducted from Mistric's wages beginning June 2, 1970, and continuing until Mistric's death on September 5, 1971.
The controversy in the instant case centers around the fact that the group policyholder failed to transmit Mistric's request for insurance coverage to Republic.
As a consequence of the failure of the group policyholder to forward Mistric's request form to the insurer, Republic did not furnish Mistric with a certificate of insurance. After repeated inquiries were made concerning his certificate of insurance, the insurer required Mistric to furnish it with a new application for insurance, together with evidence of insurability. This application and insurability form indicated that Mistric was in reasonably good health and had no history of heart trouble, so Republic issued an insurance certificate effective February 2, 1971. Republic refused to make Mistric's insurance effective as of the original date, or to back-date the certificate of insurance.
The facts show that Mistric had suffered a heart attack in 1964, for which he was hospitalized. He took some medication for a heart condition over a number of years. When he began his employment with Indusco, Mistric had recovered physically to the point where he was able to work steadily and actively. Mistric had been covered under a group life insurance program with his former employer just prior to his going to work with Indusco. Mistric was in apparent good health until April 15, 1971, when he suffered a heart attack, which required medical attention until his death.
In due course the plaintiff made a claim for the proceeds of the insurance policy, which was denied by the insurer. Suit followed, in which the trial court rendered judgment against the plaintiff and in favor of the insurer, dismissing plaintiff's claim for the insurance proceeds. McCaa Electric, Inc. was also dismissed from the suit on the ground that it was a separate company from Indusco. The trial court allowed the plaintiff recovery of damages against Indusco.
Before this Court the appellant contends that under the provisions of the group insurance policy if a request for insurance was timely made by a new employee, evidence of insurability was waived by the insurer. The appellant argues that since Mistric requested coverage before June 2, 1970 (within the time-limit set out in the master policy), and delivered his request to the group policyholder, he was automatically covered under the terms of the master policy; hence the beneficiary is entitled to recover the insurance proceeds from Republic. Alternatively, the appellant contends that McCaa Electric, Inc., as the parent company of Indusco, is liable along with Indusco to the plaintiff for negligence in failing to forward timely Mistric's request and premiums to the insurer.
On the other hand Republic argues that since it did not receive an application from Mistric for the group insurance until January 21, 1971 (after the time-limit set out in the master policy), it was entitled under the provisions of the policy to require Mistric to furnish it with evidence of insurability. The insurer also contends that Mistric made false statements on the insurability form of January 28, 1971, in *475 that he stated that he had no history of heart trouble, recent hospitalization nor was under medical treatment at the time. Republic, in effect, claims that it only included Mistric under its insurance coverage effective February 2, 1971, because it relied upon these material misrepresentations, which Mistric deliberately made in order to deceive the insurer.
We have reviewed the record in this case, and the testimony and other evidence unquestionably show that Mistric made a request for insurance coverage within the time period when evidence of insurability was not required under the master policy. The preponderance of the evidence further shows that Republic was not properly notified by the group policyholder of Mistric's employment, his request for insurance coverage and the deduction of insurance premiums from his wages.
We find the case of Neider v. Continental Assur. Co., 213 La. 621, 35 So.2d 237, 240 (1948), dispositive of the instant case; therefore, we reverse the trial court's judgment which dismissed the beneficiary's action for the proceeds of the life insurance policy.
In the Neider case the beneficiary named in a certificate of insurance issued under a group policy of life insurance brought an action seeking to collect from the insurer the amount of insurance specified in the certificate. The insurer resisted payment on the ground that the insurance policy, as per certificate issued, had expired for non-payment of premiums prior to the death of the insured. The Court held that the beneficiary was entitled to recover the proceeds of the policy.
The Court in the Neider case said:
"We feel that the employer owes to the employee the duty of good faith and due care in attending to the policy, and that the employer should make clear to the employee anything required of him to keep the policy in effect, and the time that the obligations are due. In its position as administrator of the policy, we feel also that the employer should be considered as the agent of the insurer, and any omission of duty to the employee in its administration should be attributable to the insurer."
See also Finch v. Baton Rouge Production Credit Association, La.App., 154 So.2d 60, 62 (1 Cir. 1963).
We find that the record in the instant case discloses that Republic issued the master policy to McCaa Electric, Inc. & Affiliates, as the designated group policyholder, and agreed to insure the group policyholder's employees eligible thereunder. In addition, Republic furnished the group policyholder blank forms to be filled in by the eligible employees and delivered to the group policyholder for forwarding to Republic. Republic additionally made an arrangement with the group policyholder whereby the group policyholder would deduct premiums from the insured employees' wages and forward the premiums to Republic.
We feel that in its position as administrator of the master policy, with Republic's knowledge and consent, the group policyholder must be considered as the agent of the insurer, and any omission of duty to an insured employee in its administration must be attributable to the insurer.
The appellee has cited and relies upon the case of Holloman v. Jefferson Standard Life Ins. Co., La.App., 188 So. 500, 504 (2 Cir. 1939), for the proposition that the employer under group insurance policies is the agent of the employee, not the insurer. We believe that Neider, supra, has effectively overruled Holloman on this point of law. In any event, we are not persuaded by the reasoning in the Holloman case and choose not to follow it.
For these reasons in the instant case, we find that Mistric came within the automatic inclusion period of the master policy and, thus, was not required to furnish the insurer with evidence of insurability; and, *476 we are of the opinion that the group policyholder, as agent of the insurer, did not properly discharge its duty to the employee to forward to the insurer the employee's request for insurance coverage and the premiums deducted from his wages. We find that this omission of duty was the only reason that the insurer failed to list Mistric properly as an insured and issue him a certificate of insurance, and the only reason that the insurer demanded another application from Mistric; and being of the opinion that under the Neider rule this omission of duty is attributable to the insurer, we hold that the plaintiff, Mrs. Ruth C. Mistric as the named beneficiary, is entitled to recover from the insurer, Republic National Life Insurance Company, the proceeds of the life insurance policy.
Applicable here also is the rule set out in Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497, 499 (1957), that the burden of proof is on the insurer to establish that a misrepresentation was made in the application, that the misrepresentation was material to the risk, and that the misrepresentation was made with an actual intent to deceive the insurer. See LSA-R.S. 22:619(B).
In applying the Gay rule, in the case of Stoma v. Prudential Insurance Company of America, La.App., 281 So.2d 871, 873 (3 Cir. 1973), the Court reiterated that:
"The requirement of finding an intent to deceive is still considered essential in proving this defense. The meaning of the Gay case is clear and unambiguous. Knight v. Jefferson Standard Life Insurance Co., 205 So.2d 485 (La.App. 1 Cir. 1967)."
See also Boyette v. Chrysler Credit Corporation, La.App., 298 So.2d 130, 131 (1 Cir. 1974), writ refused, La., 302 So.2d 24 (1974).
In holding in favor of the insurer, the trial court determined that there was an actual intent on the part of Mistric to deceive the insurer. We have reviewed the record and find no evidence to support the trial court's conclusion that Mistric made a misrepresentation about the condition of his health with an actual intent to deceive the insurer. As we understand the testimony contained in the record, a fair interpretation of all the events surrounding the initial request for coverage, the second application and the issuance of the certificate of insurance to Mistric, leads only to the conclusion that Mistric had no actual intent to deceive the insurer.
There was no problem of coverage. The problem lay with the casual manner, to say the least, of the group policyholder's administration of the insurance program. Republic was aware of and acquiesced in the group policyholder's casual attitude toward completing and forwarding forms, deducting and forwarding premiums, and, in general, its administering of the insurance program. We find that the evidence supports the conclusion that Mistric considered the filling out or signing of the second application a mere formality to complete the insurer's records. Mistric had no reason to deceive. He was merely signing a second insurance application form as another step in his continuing efforts to obtain a certificate of insurance to which he felt he was already entitled. Accordingly, we find that the overall actions of the insured in light of all the circumstances in this case do not indicate an actual intent to deceive the insurer.
In order to set the record straight, we hold that for purposes of insurance coverage, Indusco and McCaa Electric are one and the same entity. No other conclusion can reasonably be drawn from a reading of the record in this case. Sufficient unto itself, is the fact that the same law firm represented Indusco and McCaa. Surely, if they were in fact two separate and distinct entities having two separate and distinct defenses in this lawsuit, each would have been represented by a separate and distinct law firm.
*477 Finally, we consider the question of penalties and attorney's fees asked for by the plaintiff. They will not be allowed in this case. Where the insurer has a reasonable ground to believe that its defense is valid, its refusal to pay a claim is not considered as "without just cause" subjecting it to penalties, even though the defense is subsequently not upheld by the court. See Neider v. Continental Assur. Co., supra; Murphy v. Continental Casualty Company, La.App., 269 So.2d 507, 519 (1 Cir. 1972).
For the reasons assigned, the judgment appealed from is reversed, and it is ordered that there be judgment in favor of the plaintiff, Ruth C. Mistric, and against the defendant, Republic National Life Insurance Company, in the amount of $10,000.00, plus legal interest from date of judicial demand until paid, and for all costs. Costs of this appeal are cast equally against appellees, Republic National Life Insurance Company and McCaa Electric, Inc.
Reversed and rendered.