COVINGTON, Judge:
Margot, Inc. has appealed from a judgment dissolving a writ of sequestration which had been issued pursuant to the repairman’s privilege on automobiles and other machinery provided for in LSA-R.S. 9:4501, and from a judgment awarding damages for the wrongful issuance of the writ of sequestration. Paul Pearson, the defendant, and Nora Byrd, Jr., the interve-nor, have also appealed the judgment complaining of the amount of damages and attorney fees awarded.
This suit arises out of a writ of sequestration issued at the instance of Margot, Inc., the plaintiff who was seeking to collect an amount allegedly due on an open account for parts and labor used to repair defendant’s vehicles by defendant, Paul Pearson. The plaintiff’s original petition set forth the indebtedness as amounting to $4,013.72. Annexed to this petition was an accounts receivable ledger sheet which *282 showed the balance owed by Pearson was $1,982.03. Defendant’s motion to dissolve and answer admitted he owed the sum of $1,982.03. Then, the plaintiff filed an amended petition setting out the corrected amount owed as $1,982.03.
Pursuant to the writ of sequestration, the sheriff seized a tractor truck and a gravel dump trailer purportedly belonging to Pearson. Defendant admits the dump trailer was owned by him, but contends .that the tractor truck was owned by Nora Byrd, Jr., who has intervened in the proceedings.
Subsequently, Pearson moved to dissolve the sequestration on the grounds that the amount sued for was not the amount owed, that Margot had never worked on the dump trailer, and that the tractor truck was owned by Byrd. On the same date Byrd, who was represented by the same counsel who was representing Pearson, intervened to have the writ dissolved as to the tractor truck, claiming that he was the owner of the tractor truck, and for damages for the wrongful issuance of the writ.
After a hearing on the motion to dissolve, Judge Claiborne dissolved the writ of sequestration, finding that “the affidavit attached to the original petition was incorrect; and further that someone other than plaintiff in rule (Pearson) owned the other vehicle seized.” Thereafter, the case was heard on the merits by Judge Engolio, who rendered judgment in favor of Margot on the open account for the sum of $1,982.03; judgment in favor of Pearson for $50.00 damages and $200.00 attorney fees for the wrongful seizure; and judgment in favor of Byrd, the intervenor, for $2,550.00 damages and $200.00 attorney fees. At the trial on the merits Pearson and Byrd were again represented by the same counsel (though a different one from that who represented them both on the motion to dissolve). All parties have appealed.
It is admitted that Pearson owed Margot the sum of $1,982.03 at the time the suit was filed and the writ of sequestration issued. The ledger sheet attached to the original petition shows this correct amount. The amended petition alleges this amount. The evidence establishes that this is the correct amount owed by Pearson. However, the original petition set out that Pearson owed Margot the sum of $4,013.72 (this figure was typed in the body of the petition from the “proof” column of the ledger sheet instead of the correct figure from the “balance” column, which is correctly shown as “1,982.03”).
Pearson contends, and the trial judge agreed, that by alleging the incorrect amount owed by Pearson in its petition Margot filed “a false affidavit” of the amount due, and consequently, the writ of sequestration “was issued without sufficient proof in the record” and was thus a wrongful issuance of the writ. We disagree.
The pertinent procedural article, LSA-C.C.P. art. 3501, provides (in part):
“A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.”
Although there was an error in the original petition in giving an incorrect figure for the amount owed, this error is of no legal consequence. No one was misled or harmed by this error. Both Margot and Pearson knew the correct figure was $1,982.03. Plaintiff’s itemized statement of accounts setting forth the debt actually owed by Pearson was made a part of the original petition. We, therefore, believe that the amount of the claim clearly appears from specific facts of the petition as required by article 3501 of the Code of Civil Procedure.
*283 The hypertechnical construction placed on this procedural rule by the trial judge is contrary to the purpose of our rules of procedure. All articles of the Code of Civil Procedure are to be construed liberally; they are “only a means to an end, not an end in themselves.” See LSA-C.C.P. art. 5051, and Comment thereunder. Procedural rules must be functional.
In addition, the case of E. B. Williams & Co. v. Louisiana Lumber Co., 105 La. 99, 29 So. 491, 492 (1901), squarely holds, in considering the other conservatory writ (writ of attachment), that when a person sues out a conservatory writ for a larger amount than he is entitled to, he may yet sustain the writ for the amount to which he proves he is entitled.
The Williams court said:
“The mere fact that plaintiff claimed too much, if claimed in good faith, is not to be taken as ground sufficient to dissolve the attachment, and perhaps prevent him from recovering the claim due.”
The other question raised by Pearson regarding the dump trailer was that this vehicle “has never been worked on by Mar-got, Inc., and is thus not subject to their lien or to be sequestered.” The evidence produced at the trial clearly shows that Margot did do the work which it claimed to have done on this particular vehicle. As a matter of fact, Pearson, in his testimony, admits that the work was performed by Margot on the dump trailer and that he paid for the work with a check that “bounced.” In his testimony, Pearson goes so far as to say: “I never said there wasn’t any work done on the dump trailer.” There is no merit to this contention.
We, therefore, find that the dump trailer, which was admittedly owned by Pearson and on which it was proven the repair work was done by Margot, was properly the subject of the writ of sequestration. We hold that, as to Pearson’s dump trailer, the writ of sequestration was not wrongfully issued, and the trial judge erred in dissolving the writ.
The case of Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669 (1970), relied upon by Pearson is inapposite. In the Hancock Bank case the plaintiff bank merely had an unsecured promissory note upon which it brought suit and sought a writ of sequestration. The bank’s petition did not set out the requisite grounds for the issuance of a writ of sequestration, as required by LSA-C.C.P. art. 3501. It is only when the plaintiff claims “the ownership or right of possession of property, or a mortgage, lien, or privilege thereon,” that a writ of sequestration can issue. LSA-C.C.P. art. 3571. The plaintiff in Hancock Bank only alleged “an indebtedness on a promissory note,” so was clearly not entitled to a writ . of sequestration. The court remarked that “it was not until the motion for summary judgment was tried that the deed of trust was referred to or produced in the record (even if that device could be considered as a ‘mortgage’, ‘lien’, or ‘privilege’ as contemplated by Article 3571 j.”[1]
In the instant case the original petition of the plaintiff claimed the repairman’s privilege of LSA-R.S. 9:4501 as plaintiff’s ground for the issuance of the writ of sequestration. In Hancock Bank, the plaintiff alleged no grounds for sequestration. See also Wright v. Hughes, 254 So.2d 293 (La.App. 4th Cir. 1971).
While Hancock Bank does stand for the proposition that an amendment to the pleadings will not be permitted “once the defendant has moved to dissolve a conservatory writ,” we find that that holding has no application to the instant case, because the original petition with the annexed “Accounts Receivable Ledger” *284 sheets, together with Pearson’s answer admitting the exact amount owed, made the amended petition unnecessary. The amount of the claim clearly appeared from specific facts shown by the verified petition. See LSA-C.C.P. art. 3501; Johnson, Attachment and Sequestration: Provisional Remedies under the Louisiana Code of Civil Procedure, 32 Tul.L.Rev. 1 (1960). There was no need to “cure” any “defects after the fact.” Cf. Hancock Bank v. Alexander, supra, at 237 So.2d 672; L’Enfant, Civil Procedure, 31 La.L.Rev. 343, 356 (1971).
Turning now to the question of the writ of sequestration as to the tractor truck Pearson and Byrd urge that the seizure under the writ was wrongful because Byrd actually owned the tractor truck.
The evidence shows, and both Pearson and Byrd admit, that Margot made the repairs on the trailer truck in question. There is evidence that Byrd authorized Pearson to have Margot make the subject repairs, and that Byrd ratified the actions of Pearson in having the vehicle repaired at Margot’s. It is not necessary that Byrd have specifically authorized Pearson to have these repairs made, because Margot acted in good faith in repairing the vehicle and acted on the belief that Pearson, the person who requested the repairs, had the status to do so. See Universal Electric Construction Company v. Liner, 281 So.2d 830, 832-834 (La.App. 1st Cir. 1973), writ refused, 283 So.2d 501 (La.1973).
In the Liner case this court recognized the repairman’s privilege granted by LSA-R.S. 9:4502, and pointed out that “there is no requirement in R.S. 9:4502 that the owner of the movable request that the repairs be done.” What we said in Liner is also applicable to LSA-R.S. 9:4501. Where the repairman acts in good faith in repairing the automotive machinery and acts in the belief that the person who requests the repairs has the status to do so, the repairman has a privilege against the automotive machinery and this privilege may be enforced by the writ of sequestration; LSA-R.S. 9:4501. Accordingly, we hold that, as to the trailer tractor, the writ of sequestration was not wrongfully issued, and the trial judge erred in dissolving the writ.
Moreover, in order to set the record straight, we hold that for the purpose of the repairs to and use of this vehicle, Pearson and Byrd are one and the same entity. They were engaged in the same type of hauling business; they used each other’s vehicles interchangeably (without payment for the use) and treated such vehicles as their own while so using them; they worked for each other on occasions (sometimes Byrd was the employee; sometimes Pearson was); they used parts off each other’s vehicles without anything more than a casual word (the dump body on this specific trailer truck belonged to Pearson). They had, to say the least, a close business affiliation. To all outward appearances, they operated as an entity. Even the seller of this particular vehicle testified that he sold the trailer truck to “them.” They were represented by the same counsel on the rule to dissolve the writ; and on the merits, they were represented by the same counsel (though different from the one on the rule). We need but repeat what we said in Mistric v. Republic National Life Insurance Company, 314 So.2d 472, 476 (La.App. 1st Cir. 1975), writ denied, 319 So.2d 444 (La.1975):
“Sufficient unto itself, is the fact that the same law firm represented (the defendants). Surely, if they were in fact two separate and distinct entitites having two separate and distinct defenses in this lawsuit, each would have been represented by a separate and distinct law firm.”
In any event, the trailer truck seized under the writ was the vehicle on which the repairs were made. Byrd either authorized the repairs or acquiesced in them and, if he owned the vehicle, he received the benefit of the repairs.
*285 It is ordered, adjudged and decreed that the judgment dissolving the writ of sequestration herein be and is hereby reversed and the writ of sequestration is maintained on both of the seized vehicles; that the judgment in favor of Paul Pearson d/b/a Paul Pearson’s Hauling, be and is hereby reversed and the claim for damages and attorney fees is dismissed; that the judgment in favor of Nora Byrd, Jr., be and is hereby reversed and the claim for damages and attorneys fees is dismissed; that the judgment in favor of Margot, Inc., and against Paul Pearson, d/b/a Paul Pearson’s Hauling, in the full sum of $1,982.03, with legal interest from date of judicial demand, be and is hereby affirmed. All costs are to be shared equally by Paul Pearson and Nora Byrd, Jr.
AFFIRMED IN PART; REVERSED IN PART.

. We note that there was an error in the amount claimed in the Eanoook Bank case and that the Supreme Court did not mention this as a ground for dissolution of the writ.