ELLIS, Judge:
On October 25, 1971, plaintiff Paul E. Knight executed a promissory note for $4,279.68 in favor of Citizens National Bank in Hammond, payable in monthly installments of $118.88. Included in the principal amount of the note was the sum of $256.82 for Credit Life Insurance and accident and health insurance. The latter coverage provided that the monthly installments would be paid by the insurer, Cherokee National Life Insurance Company, during any period of Mr. Knight’s total disability, while the note remained unpaid.
On or about April 20, 1972, Mr. Knight allegedly became totally disabled. A claim was made under the policy on June 21,1972, but payment thereof was refused on the ground that Mr. Knight was disabled prior to the date of issuance of the policy.
This suit was filed by Mr. Knight for benefits allegedly due under the policy. After trial on the merits, judgment was rendered in favor of plaintiff for $3,108.56, and defendant has appealed.
As the result of an industrial accident, Mr. Knight began drawing Social Security disability benefits in 1969. He was still drawing these benefits as of the time of trial herein. However, as of October 25, 1971, he was working for Hurricane Fence Company, taking orders on the telephone and making estimates. In addition, he was working with his son steam cleaning houses.
*1184 On or about April 20, 1972, he discovered that he was suffering from constrictive cali-cific tendinitis of the bilateral deltoid area, as a result of which he was unable to continue either his work for Hurricane Fence, which involved driving a car, or his house cleaning activities. Since that time, Mr. Knight has been unable to work at any occupation.
At the time the loan was made and the insurance purchased, the bank was aware that Mr. Knight was disabled, because that information had been given it on an insurance application made in connection with a prior loan.
Under the terms of the policy, total disability is defined as follows:
“As used in this Agreement, total disability means the inability of an insured debtor to engage in any occupation for remuneration or profit, which inability is the result of accidental bodily injury sustained or sickness originating while this Agreement is in force and while such debtor is actually insured hereunder and which requires the insured debtor to be regularly treated by a licensed physician.”
The policy also included the following exceptions:
“This agreement does not cover and no indemnity shall be paid for disability which is caused or contributed to by (a) childbirth, abortion, miscarriage or pregnancy; (b) accidental bodily injury sustained or sickness which originated before the effective date of this insurance; (c) war or any act of war or by any cause while the insured debtor is in the armed forces of any country; (d) injury which was intentionally inflicted by the insured debtor whether sane or insane.”
Our courts have held that total disability provisions such as the above “do not contemplate that the insured is to be rendered absolutely helpless in order to recover, but only that he be unable to do substantially all the material acts necessary to the prosecution of his business or occupation in his customary and usual manner.” Ayres v. N.Y. Life Insurance Co., 219 La. 945, 54 So.2d 409; Felker v. Aetna Life Ins. Co., 234 So.2d 758 (La.App. 1st Cir. 1970).
It is defendant’s contention that plaintiff is not now totally disabled because he was able to do the same things both before and after April 20, 1972. The record does not bear this out. The medical testimony is unanimous that plaintiff has been totally disabled since April 20, 1972. Plaintiff’s own testimony is uncontradicted that he can no longer do the work he was doing prior to that time. The trial judge must have accepted this testimony and we find no manifest error.
Defendant also argues that plaintiff’s condition antedated the issuance of the policy, and that plaintiff cannot recover because of the above quoted exceptions in the policy. Admittedly, plaintiff has suffered from a long series of ailments, which were sufficient to render him “disabled” for Social Security purposes. However, there is no medical or other evidence to show that the tendinitis existed as of the date of issuance of the insurance. The argument is without merit.
We find plaintiff to be “totally disabled” within the meaning of the policy, as a result of the tendinitis, and that benefits under the policy are therefore payable.
Plaintiff has answered the appeal, asking that he be awarded penalties and attorney’s fees for the alleged arbitrary and capricious failure of the insurer to pay. We think that the fact that plaintiff was totally disabled for Social Security purposes when the insurance herein was issued casts a cloud on his claim sufficient to exempt the insurer from the payment of penalties and attorney’s fees, and constitutes just cause for the refusal. R.S. 22:657; Mistric v. Republic National Life Ins. Co., 314 So.2d 472 (La.App. 1st Cir. 1975).
The judgment appealed from is therefore affirmed, at defendant’s cost.
AFFIRMED.