460 So.2d 677 (1984)
Lawrence ANTILL, Jr.
v.
TIME INSURANCE COMPANY.
No. CA 83 1218.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*678 Walter Naquin, Jr., Thibodaux, for plaintiff-appellant.
Christopher Riviere, Thibodaux, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Lawrence Antill, Jr., appeals a judgment in favor of defendant, Time Insurance Company (Time), dismissing his claim for medical expenses allegedly due under a major medical insurance policy, penalties and attorney's fees. We affirm.
The record establishes the following facts:
On March 23, 1981, Time's agent, Mr. A.J. Guillory, interviewed Antill and filled out in Antill's presence an insurance application form. Antill signed the form and paid the first annual premium. The application was then sent to Time's home office for review. On or about April 7, 1981, Time mailed a request for information concerning Antill's prior medical history to Dr. Joseph Powell, who was listed on the application form as Antill's "regular physician" and as the physician who had treated him for a broken leg in May of 1980.
Before the medical report from Dr. Powell was received by Time, Antill contacted Guillory concerning the status of the application. The stated reason for delay in approving coverage was the fact that the application mentioned Antill's broken leg and that the medical report on that condition had not been received by Time from Dr. Powell. Guillory was told by Time's regional underwriting manager, Gregory Baker, that if Antill would provide details with regard to his broken leg history (e.g., if Antill had fully recovered; if there were any residual problems), then Time would consider issuing coverage without the medical report. Relying on medical information obtained from Antill, Baker issued the policy.
However, on May 27, 1981 (after mailing the policy to the agent, Guillory, but before the policy was given to Antill), Time received the medical report from Dr. Powell. The report stated that on March 31, 1978, Antill had been admitted to a hospital with anterior chest pain and that he had probably sustained a very small "MI", myocardial infarction. The report reflected that Antill had been in the hospital from March 31, 1978, until discharged on April 13, 1978.[1]
Meanwhile, on April 22, 1981, Antill was hospitalized at Thibodaux General Hospital and subsequently transferred to Ochsner *679 Foundation Hospital in New Orleans. On May 6, 1981, Antill underwent coronary artery surgery with multiple by-passes. Antill filed the instant suit to force Time to pay the medical expenses he had incurred.
Time contends that because Antill gave a false answer on his insurance application, Time is not responsible for Antill's claims. Time bases its contention on the answer given by Antill to question 17(b) of the application for insurance. The salient part of the application provides:
"To the best of your knowledge and belief has any person proposed to be insured within the last ten years:
17. Ever had any indication, diagnosis, or treatment of:
(b) The heart or circulatory system including high blood pressure, heart attack, heart murmur, or chest pain, irregular heartbeat or varicose veins or phlebitis?"
Although Antill answered "no" to this question, he argues on appeal that "in order to determine if a false answer was given in an application, the entire application must be looked at as a whole." Antill contends that because he answered "yes" to the following two questions, no real false answers were given.
18. Ever had surgery or has surgery ever been recommended?
19. Had an electrocardiogram, chest x-ray, or blood study of any kind or been hospital-confined in the past ten years? If yes, give name of physician or hospital, tests and results.
We are not persuaded by Antill's argument. Viewing the application as a whole, it is apparent that Antill was informing the insurer by his answers to these two questions that he had been hospital-confined within the past ten years for leg surgery. In the space provided on the application for more information, the only information given by Antill concerned his broken leg in May of 1980 (see appended portion of application). We note that Antill also answered "no" to question 20: "Currently taking medication or medical treatment of any type?" However, Antill testified that at the time the insurance application was made, he was taking at least two medications for his Angina (a heart illness). Further, Antill also answered "no" to one of the final questions on the application, number 22, which asked, "Had any other illness, injury or medical treatment during the past five years not reported in Questions 17 through 21?"
The trial court based its dismissal of Antill's claim on LSA-R.S. 22:619 B. which states:
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
The jurisprudence interpreting this statute places the burden of proof upon the defendant-insurer. The statute requires that a false statement bars recovery only if it is made with the intent to deceive or it materially affects the risk. Louisiana jurisprudence requires both factors. Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982).
We agree with the findings of the trial court that Time met its burden of proof under LSA-R.S. 22:619 B. In its written reasons for judgment the trial court stated:
The Court finds, as a matter of fact, that plaintiff had suffered che[st] pains within the ten years prior to the date of application and that he was also suffering from diagnosed heart and circulatory problems for which he was receiving treatment. In view of the two complaints of chest pains and the types of medication plaintiff had or was taking, the Court is also of the opinion that plaintiff had actual knowledge of his heart condition for several years. Further, the Court finds that Mr. Guillory *680 did ask plaintiff Question 17(b) with plaintiff's reply being in the negative. Lastly, the Court is of the opinion that the negative answer to Question 17(b) was false and made with the actual intent to deceive with the risk assumed by the defendant being materially affected thereby. The contention that plaintiff did not know what his diagnosed condition of Angina meant is of no merit because the term Angina is not used in Question 17(b) nor anywhere else on the application form.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Because judgment is in favor of the defendant, we need not reach the issues of penalties and attorney's fees. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

NOTES
[1] In addition to the 1978 hospitalization of Antill for chest pains, we note that the deposed testimony of Dr. Powell indicates that Antill was also admitted into the hospital in 1975 for chest pains, diagnosed as Angina.