465 So.2d 276 (1985)
Eula Aucoin HENRY, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Defendant-Appellee.
No. 84-134.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*277 Victor J. Versaggi, Patterson, for plaintiff-appellant.
Roy, Forrest & Lopresto, William J. Aubrey, New Iberia, for defendant-appellee.
Before DOMENGEAUX, KNOLL and KING, JJ.
KNOLL, Judge.
Eula Aucoin Henry appeals the trial court's judgment in favor of defendant, State Farm Mutual Automobile Insurance Company (hereafter State Farm), denying coverage under a health insurance policy for medical expenses incurred by her late husband, Sidney James Henry. State Farm answered the appeal urging: (1) that the trial court's holding that Mr. Henry misrepresented relevant and material facts which precluded coverage be affirmed; (2) that we modify or reverse the trial court's illness such as to exclude coverage; and (3) that appellant be cast with all costs.
The issues presented are whether the trial court committed manifest error in finding that: (1) Mr. Henry made material misrepresentations on his insurance application with the intent to deceive; and (2) State Farm failed to meet its burden of proving Mr. Henry's cancer was a preexisting illness which would have precluded issuance of the policy. We affirm, finding the record clearly supports the trial court's conclusions.

FACTS
In the latter part of October, 1980, Mr. Henry was diagnosed by Dr. William Johnson as possibly having an ulcer or hiatal hernia. On December 11, 1980, approximately six weeks later, Mr. Henry applied for health insurance with State Farm through its agent, Mr. Wilson Pendas. In response to specific questions concerning recurrent indigestion, stomach trouble, hernias and ulcers, Mr. Henry failed to inform Pendas of Dr. Johnson's recent diagnosis. Concerning illnesses of other family members, Mr. Henry did disclose that his daughter had a tonsillectomy approximately five years before. The application was signed by Mr. and Mrs. Henry, and Pendas; the policy was issued the same day.
Mr. Henry returned to Dr. Johnson on December 29, 1980, with the same complaints. Dr. Johnson hospitalized Mr. Henry *278 for further testing and in January 1981 his condition was diagnosed as cancer of the esophagus. He died in August 1981, approximately eight months after the policy was issued.

MISREPRESENTATION
LSA-R.S. 22:619(B) provides:
"In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."
For an insurer to avoid liability on the grounds of misrepresentation in an insurance application, the insurer has the burden of establishing that false statements were made with an actual intent to deceive and that the facts were material. Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957).
Strict proof of fraud is not required to show the applicant's intent to deceive, because of the inherent difficulties of proving one's intent. The intent to deceive must be determined from surrounding circumstances which indicate the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Green v. Pilot Life Ins. Co., 450 So.2d 406 (La.App. 3rd Cir.1984); Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982); Cousin v. Page, 372 So.2d 1231 (La.1979); Watson v. Life Ins. Co. of La., 335 So.2d 518 (La.App. 1st Cir.1976).
The test of materiality is whether knowledge of the facts would have influenced the insurer in determining whether to assume the risk or in fixing premiums. Green, supra; Trahan v. Security Life and Trust Company, 199 So.2d 617 (La. App. 3rd Cir.1967). False statements in answer to questions about consultation with physicians and hospitalization have been definitely held to be material. Flint v. Prudential Ins. Co. of America, 70 So.2d 161 (La.App. 1st Cir.1954).
The reviewing court must give great weight to the conclusions of the trier of fact, and should not disturb reasonable evaluations of credibility and reasonable inferences of fact in the absence of manifest error. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In the case before us, the trial judge addressed the issue of material misrepresentation in his well considered reasons for judgment, and stated:
"... Wilson Pendas, the agent, stated that if he had known of the several visits of Sidney Henry to Dr. Johnson some five or six weeks before in October of 1980, he would certainly have required that a report be obtained from Dr. Johnson before any insurance would have been written. Mr. Pendas also states that if he had known that Dr. Johnson had told Sidney Henry that he had a possible ulcer or hiatal hernia that this matter would have had to be thoroughly investigated before the policy could have been written.
* * * * * *
The Court finds that the evidence preponderates that Sidney Henry did not make full disclosure, as required by the application for the policy, of his illnesses that preexisted the issuance of the policy.
* * * * * *

Section 6(e) asks if there has been any recurrent indigestion, jaundice, any type of ulcer, colitis, or other disorder of the stomach, intestines, liver or gall bladder? This question is answered `no'. This is clearly an untrue answer. Sidney Henry had had recurrent indigestion *279 for a long period of time. He had been told by his doctor six weeks prior that he had a possible ulcer. Question 6(k) has among other possibilities, `hernia'. It is answered `no'. Mr. Henry had been told some six weeks prior that he possibly had a hiatal hernia. Question 7(a) reads as follows: `During the past five years have you or any named dependent consulted a physician for any reason not stated above'? The question is answered `no'. There is no way that any person reading this application blank would have known that Sidney Henry had recurrent indigestion, or stomach trouble, or that he had the possibility of an ulcer or a hiatal hernia. These are material, basic, misrepresentations of matters that would have negated the issuance of the policy or would have lead [sic] to further medical investigation which would have prevented the issuance of the policy."

After a careful and thorough review of the record, we find no manifest error in the trial judge's conclusion that State Farm met its burden of proving that Mr. Henry made material misrepresentations in his insurance application with the intent to deceive.
Since we find that State Farm is not liable because of material misrepresentations in the application for health insurance, we pretermit the issue of a preexisting illness.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.