471 So.2d 1141 (1985)
Habib R. JAMSHIDI, Plaintiff-Appellee,
v.
SHELTER MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 84-546.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Sam N. Poole, Jr., Alexandria, for defendant-appellant.
*1142 James D. Davis, Alexandria, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KNOLL, Judge.
Shelter Mutual Insurance Company (hereafter Shelter) appeals the trial court judgment in favor of Habib R. Jamshidi, extending insurance coverage to Jamshidi's vehicle for damages due to theft and fire. The sole issue is whether Jamshidi's serious misrepresentations in his insurance application rendered the policy void ab initio. We reverse, finding Jamshidi's misrepresentations were material and were made with the intent to deceive Shelter; therefore, Jamshidi's right to recovery under the contract is barred by LSA-R.S. 22:619.

FACTS
In December 1981, Habib R. Jamshidi applied for automobile insurance coverage with Shelter through its agent, Larry Fontenot. Shelter issued a policy for coverage of Jamshidi's 1976 Datsun 280Z in January 1982. The application contained the following questions: During the past three years, has any driver, applicant or member of the household: (1) been involved in any auto accidents, regardless of fault; (2) been fined or convicted for a moving traffic violation; and (3) had any license or permit to drive suspended, revoked, or refused? To each of these questions, the response was "no." Jamshidi was further asked to list all traffic violations and accidents, regardless of fault, which occurred in the last three years; the response was "none." Jamshidi also reported a Texas driver's license number and informed Fontenot of his plans to obtain a Louisiana driver's license. Finally, Jamshidi signed the insurance application, which contained the following clause immediately above his signature: "I hereby make application for an insurance policy in the Company designated, on the basis of the statements and answers to questions made on this application and I represent that such statements and answers to questions are true."
At the time Jamshidi completed the insurance application, he was a licensed Louisiana driver and had been issued the following traffic citations during the 20 months immediately preceding the date of his application: (1) April 1980, Shreveport Police Department, speeding 37 m.p.h. in a 25 m.p.h. zone; (2) October 1980, Shreveport Police Department, speeding 58 m.p.h. in a 40 m.p.h. zone; (3) February 1981, Shreveport Police Department, speeding 62 m.p.h. in a 40 m.p.h. zone, which resulted in Jamshidi being placed on probation for one year; (4) May 1981, Arkansas, speeding 58 m.p.h. in a 35 m.p.h. zone; and (5) September 1981, Lafayette City Police, failure to yield involving an accident.
In October 1982, Jamshidi was planning to leave the country on family business. At that time he still owed City Bank and Trust Company of Natchitoches $4,000 on a loan that was secured by the car. Jamshidi signed a bill of sale in blank, made arrangements for the bank to sell the car in the event that he did not return to the United States, and parked the car in the bank's parking lot. The car was stolen from the parking lot and later retrieved in Shreveport. While Jamshidi was driving his car from the Shreveport Police Station to the Datsun dealership for repairs, the engine caught fire and the vehicle was damaged further. Jamshidi then filed a claim with Shelter for the cost of repairing his vehicle, due to both theft and fire.

INTENT TO DECEIVE
LSA-R.S. 22:619 provides:
"A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

B. In any application for life or health and accident insurance made in writing by the insured, all statements *1143 therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

The jurisprudence interpreting this statute places the burden of proof upon the insurer. The statute provides that a false statement bars recovery only if the insurer proves it is made with the intent to deceive or if it materially affects the risk. However, Louisiana jurisprudence requires proof of both factors. Antill v. Time Ins. Co., 460 So.2d 677 (La.App. 1st Cir.1984); Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982).
The difficulty of proving intent to deceive is recognized by the courts, thus the courts look to the surrounding circumstances indicating the insured's knowledge of the falsity of the representation made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Henry v. State Farm Mut. Auto. Ins. Co., 465 So.2d 276 (La.App. 3rd Cir.1985); Davis v. State Farm Mut. Auto. Ins. Co., 415 So.2d 501 (La.App. 1st Cir.1982); Cousin v. Page, 372 So.2d 1231 (La.1979).
In the present case the surrounding circumstances clearly support that Jamshidi intended to deceive Shelter. Jamshidi's failure to report four speeding tickets, an accident, and a year probation period, all within twenty months immediately preceding his application for insurance, is proof of his intent to deceive Shelter. Further proof is his failure to correctly report his Louisiana driver's license; instead he reported a Texas driver's license which, when checked, revealed no violations. These circumstances show that Jamshidi had knowledge of the false statements and that he recognized the materiality of his misrepresentations. The trial court factually determined that Jamshidi misled Shelter's agent. In its reasons for judgment, the court stated:
"... It is evident that plaintiff did mislead the defendant's agents with respect to his driving record, and particularly his denial of having a Louisiana drivers license. His reference to a Texas license (which checked out clear of traffic violations) was further substantiation that he had some idea of what he was doing. Proof of the pudding came when a check on his Texas license revealed no violations."

Jamshidi contends that he informed Shelter's agent, Fontenot, that he may have had two or three traffic violations prior to the date of his application. Fontenot denies this contention. Further, the record supports that Jamshidi misrepresented his driving record on at least two subsequent occasions: (1) in his original statement reporting his Datsun 280Z as stolen; and (2) in his November 1982 application for coverage of his Pontiac vehicle.
We find that the circumstances in this case create a reasonable assumption that Jamshidi had knowledge of the falsity of his representations and that he intended to deceive Shelter.

MATERIALITY
Under LSA-R.S. 22:619(B), the insurance company must establish that the insured's misstatements materially affected the risk assumed by the insurer. "Material" means that the statement must have been of such a nature that, had it been true, the insurer either would not have contracted or would have contracted only at a higher premium rate. Henry, supra; Martin v. Security Indus. Ins. Co., 367 So.2d 420 (La.App. 2nd Cir.1979), writ denied, 369 So.2d 1364 (La.1979). Even if the information given by the applicant were false, if the insurance company would have issued the policy anyway, then it is not material. Davis, supra.
*1144 The trial court further stated in its reasons for judgment:
"... Moreover, the critical consideration in this case is that the plaintiff's poor driving record had no real and meaningful bearing on the degree of defendant's exposure to the type of loss that actually occurred to the automobile. The plaintiff's poor driving record had no bearing on the likelihood [sic] of theft. Although it is a close case, the Court is of the opinion that the plaintiff should recover his loss under the comprehensive coverage of the policy."
The trial court allowed Jamshidi recovery merely on the basis that his poor driving record had no bearing on the type of loss that actually occurred, i.e., theft and fire. We find the trial court manifestly erred in this determination. The true test of materiality in this case is whether Shelter would have issued the policy if it had prior knowledge of Jamshidi's driving record. The record clearly supports that, had Jamshidi truthfully and accurately represented his driving record, Shelter would not have issued him a policy. The agent would not have had any discretion in Jamshidi's case because according to company policy, Shelter would not have processed an insurance application with so many violations. Therefore, Jamshidi's misrepresentations fall within the definition of "material." The fact that the loss in this case resulted from theft has no bearing on whether Jamshidi's misrepresentations were material so as to defeat coverage.
Accordingly, we hold that there were misrepresentations with the intent to deceive and that Jamshidi's misstatements materially affected the risk assumed by the insurer. Therefore, the insurance policy was void ab initio. Shelter Ins. Co. v. Cruse, 446 So.2d 893 (La.App. 1st Cir. 1984).
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal and in the trial court are assessed against the appellee, Habib R. Jamshidi.
REVERSED.