503 So.2d 1107 (1987)
Robert Wayne LAIRD, Plaintiff-Appellee,
v.
GLOBE LIFE AND ACCIDENT INSURANCE CO., Defendant-Appellant.
No. 86-271.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Ward Lafleur, Lafayette, for defendant-appellant.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before DOMENGEAUX, FORET and KNOLL, JJ.
KNOLL, Judge.
Globe Life & Accident Insurance Co. (Globe) appeals the trial court's judgment in favor of Robert Wayne Laird, granting *1108 him life insurance proceeds under a whole life policy issued to his late father, Robert Vernon Laird. Globe contends that the trial court erred in failing to find that Mr. Laird made material misrepresentations on his life insurance application with the intent to deceive. We reverse.

FACTS
On May 3, 1983, June 25, 1983, July 20, 1983, October 11, 1983, and December 3, 1983, Robert Vernon Laird was admitted to various Louisiana hospitals for either alcoholism, treatment of cirrhosis of the liver, gastrointestinal bleeding, spitting up blood or diarrhea. On January 10, 1984, Mr. Laird filled out an application for a life insurance policy with Globe which asked: "To the best of your knowledge and belief, is the proposed insured [Mr. Laird] in good health?". Mr. Laird replied, "Yes." On the basis of Mr. Laird's application Globe issued a $20,000 modified whole life policy with an effective date of January 16, 1984. Subsequent to the issuance of the life insurance policy Mr. Laird was either hospitalized or consulted physicians on June 8, 1984, November 23, 1984, December 6, 1984, December 20, 1984, and December 22, 1984, for liver problems, alcohol withdrawal, gross jaundice, cirrhosis, anemia, and hepatic failure. On December 23, 1984, Mr. Laird died of complications associated with cirrhosis of the liver.

MISREPRESENTATION
In Jamshidi v. Shelter Mut. Ins. Co., 471 So.2d 1141 (La.App. 3rd Cir.1985), we stated:
"LSA-R.S. 22:619 provides:
`A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.' The jurisprudence interpreting this statute places the burden of proof upon the insurer. The statute provides that a false statement bars recovery only if the insurer proves it is made with the intent to deceive or if it materially affects the risk. However, Louisiana jurisprudence requires proof of both factors. Antill v. Time Ins. Co., 460 So.2d 677 (La.App. 1st Cir.1984); Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982). The difficulty of proving intent to deceive is recognized by the courts, thus the courts look to the surrounding circumstances indicating the insured's knowledge of the falsity of the representation made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Henry v. State Farm Mut. Auto. Ins. Co., 465 So.2d 276 (La.App. 3rd Cir. 1985); Davis v. State Farm Mut. Auto., Ins. Co., 415 So.2d 501 (La.App. 1st Cir. 1982); Cousin v. Page, 372 So.2d 1231 (La.1979).
* * * * * *
Under LSA-R.S. 22:619(B), the insurance company must establish that the insured's misstatements materially affected the risk assumed by the insurer. `Material' means that the statement must have been of such a nature that, had it been true, the insurer either would not have contracted or would have contracted only at a higher premium rate. Henry, supra; Martin v. Security Indus. Ins. Co., 367 So.2d 420 (La.App. 2nd Cir. 1979), writ denied, 369 So.2d 1364 (La. 1979). Even if the information given by the applicant were false, if the insurance company would have issued the policy *1109 anyway, then it is not material. Davis, supra."
An appellate court must give great weight to the conclusions of the trier of fact, and should not disturb reasonable evaluations of credibility and reasonable inferences of fact in the absence of manifest error. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977).
In ruling against Globe, the trial court's opinion focused solely on the testimony of friends and former co-workers of Mr. Laird which consisted of their statements that Mr. Laird appeared to be healthy, was in good spirits and told them he was in good health. The trial court reasoned that since Mr. Laird had no incentive to deceive these people, then Mr. Laird did not misrepresent the status of his health in the application because he subjectively believed he was in good health. We disagree.
The record shows that between May 1983 and December 1983 the medical evidence establishes six hospitalizations, and on each occasion Mr. Laird admitted a medical history of long standing alcohol abuse and cirrhosis of the liver. Just one month before applying for life insurance Mr. Laird was admitted to the emergency room at Earl K. Long Memorial spitting up blood, and passing blood in his stool; his admission sheet also shows that Mr. Laird had a history of cirrhosis of the liver. Furthermore the medical records consistently show that Mr. Laird was advised and counseled regarding his illness, and that various medications were prescribed as part of his treatment. There is likewise no evidence that Mr. Laird was working in 1983 and 1984; on several of his hospitalizations Mr. Laird admitted that they were in connection with his convictions for DWI.
The trial court's contrary determination is clearly wrong. The testimony of those who treated Mr. Laird far outweighs the limited testimony of his friends and co-workers who only saw him occasionally on visits near the holidays.
The evidence preponderates that Mr. Laird was completely aware of his severe medical condition at the time he applied for life insurance, that his representations of good health were made falsely and with the intent to deceive, and that Globe met its burden of proof to avoid liability under the policy. Furthermore, it is clear that Mr. Laird's misrepresentations would have materially effected Globe's determination regarding Mr. Laird's insurability. Accordingly, we hold that the misrepresentations were made with the intent to deceive and that Mr. Laird's misstatements materially affected the risk assumed by the insurer. Therefore, the insurance policy was void ab initio. Jamshidi, supra.
For the foregoing reasons, the judgment of the trial court in favor of Robert Wayne Laird against Globe Life & Accident Insurance Co. is reversed and set aside. Judgment is hereby rendered rejecting Robert Wayne Laird's demands with prejudice. Costs of the trial court and appeal are assessed against Robert Wayne Laird.
REVERSED AND RENDERED.