KING, Judge.
The sole issue presented by this appeal is whether the trial judge was correct in finding that the defendant-insurer had met its burden of proving its defense of material misrepresentation in order to deny payment of plaintiffs’ life insurance claim for the death of their son.
Albert Ned, Sr. and his wife, Marcia Lagrange Ned, (hereinafter plaintiffs) filed a suit for recovery of the face amount of a life insurance policy on their son, Albert Stephen Ned, Jr. (hereinafter the child), against Magnolia Life Insurance Company (hereinafter defendant) plus penalties and interest. After a trial on the merits, the trial judge rendered judgment in favor of defendant and dismissed plaintiffs’ demands with prejudice and at their cost. A formal written judgment was signed. Plaintiffs timely appeal. We affirm.
*734 FACTS
On October 30, 1986, plaintiffs applied to defendant for life insurance for themselves and their child, Albert Stephen Ned, Jr. The agent for defendant was William L. Barton who had worked as an insurance agent for over 22 years. In filling out the application for insurance, Mr. Barton asked plaintiffs questions pertaining to their health, hospitalization and any medication which they were taking. When asked these questions regarding their son, they responded that their son had just been to see the doctor that day and had a normal checkup. The application itself states that Mrs. Ned had a normal birth of the child with no complications. After all the questions had been answered, plaintiffs signed the application which stated that all the information given was true and complete. The application was submitted to the home office and the policy of life insurance was approved and issued on November 1, 1986.
On June 28,1988, the plaintiffs’ son died. He would have been three years old in September, 1988. The Proof of Death certificate which was submitted to defendant, along with a request for payment, stated that the child was blind in both eyes due to lack of oxygen during pregnancy. The defendant denied the claim on the basis of material misrepresentation, with intent to deceive, affecting the risk in plaintiff’s making the application for insurance.
The record sets forth, through various medical records of the child, that the child was seen by doctors on a number of occasions for problems which, in a report dated October 23, 1987, were diagnosed as cerebral palsy. The first of these hospitalizations occurred when the child was only 14 days old and he was diagnosed at that time as having aseptic meningitis. A doctor’s report states that, at two months, the child had ceptic masses in the brain, suggesting either porencephaly or schizence-phaly, and, at two and one-half months, the child had severe brain atrophy. At three months, the report states that the clinical history of this child was intracranial hemorrhage with a conclusion that there was a loss of brain substance bilaterally in the parietal, temporal and occipital regions. The doctor’s report made on October 30, 1986, the date of the insurance application, states that the child had a seizure disorder. During the trial, plaintiff, Albert Ned, Sr., was asked:
“Q. Isn’t it a fact that in January of 1986, your child was having some development problems and began attending some sort of classes or receiving some sort of services from CARC?
A. Yes.
Q. Calcasieu Association for Retarded Citizens?
A. That’s correct.”
In his reasons for judgment, the trial judge noted that there were many inconsistencies in the testimony concerning the application for insurance and the proof of death with regard to what was filled out and what was not filled out. The trial judge concluded that the plaintiffs, with the intent to deceive, did not give full and complete answers regarding the child in the insurance application; that the material information that was withheld was relevant to the risk and the issuance of the life insurance policy; and, therefore, that they were not entitled to recover the proceeds of the life insurance policy on the life of the child.
It is from this ruling that plaintiffs appeal alleging that the trial judge erred in finding that defendant met its burden of proof in claiming its defense of material misrepresentation with intent to deceive.
LAW
La.R.S. 22:619 provides:
“A. Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
*735 B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.”
This court, in discussing this statute, has noted that:
“The jurisprudence interpreting this statute places the burden of proof upon the insurer. The statute provides that a false statement bars recovery only if the insurer proves it is made with the intent to deceive or if it materially affects the risk. However, Louisiana jurisprudence requires proof of both factors. Antill v. Time Ins. Co., 460 So.2d 677 (La.App. 1st Cir.1984); Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982).
The difficulty of proving intent to deceive is recognized by the courts, thus the courts look to the surrounding circumstances indicating the insured’s knowledge of the falsity of the representation made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Henry v. State Farm Mut. Auto. Ins. Co., 465 So.2d 276 (La.App. 3rd Cir. 1985); Davis v. State Farm Mut. Auto. Ins. Co., 415 So.2d 501 (La.App. 1st Cir.1982); Cousin v. Page, 372 So.2d 1231 (La.1979).” Jamshidi v. Shelter Mutual Insurance Co., 471 So.2d 1141, at page 1143 (La.App. 3 Cir.1985).
In the present case, plaintiffs did not furnish the agent of defendant with full and complete answers regarding the child. It is clear from the record that plaintiffs were fully aware of the child’s health problems. Plaintiffs withheld information from the agent regarding their son’s blindness in both eyes since birth. Also, plaintiffs failed to disclose the fact that their child had been in and out of the hospital since the age of 14 days for symptoms which later were diagnosed as cerebral palsy. Although this particular diagnosis was not known at the time of the application for insurance, the fact that the child had a seizure disorder was known to plaintiffs. None of these facts were made known to the agent at the time the insurance application was made. For these reasons, it can be assumed from the circumstances that plaintiffs intended to deceive defendant.
Another legal requirement that the insurer can prove, under La.R.S. 22:619 B, to bar recovery under a policy is that the insured’s false statements materially affected the risk assumed by the insurer.
“ ‘Material’ means that the statement must have been of such a nature that, had it been true, the insurer either would not have contracted or would have contracted only at a higher premium rate. Henry, supra; Martin v. Security Indus. Ins. Co., 367 So.2d 420 (La.App. 2nd Cir.1979), writ denied, 369 So.2d 1364 (La.1979).” Jamshidi, supra, at page 1143.
It is quite evident that the fact that the plaintiffs’ child was not normal and had serious health problems was of such a nature that, had this fact been revealed, insurance coverage for this child would have been denied. An appellate court must give great weight to the conclusions of the trier of fact, and such conclusions should not disturb reasonable evaluations of credibility and reasonable inferences of fact in the absence of manifest error. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Laird v. Globe Life and Accident Insurance Co., 503 So.2d 1107 (La.App. 3 Cir.1987).
The record in this case fully supports the trial judge’s findings of fact and conclusions. After careful review of the record, we cannot say that the trial judge’s evaluations of credibility and his factual finding that defendant met its burden of proving *736 material misrepresentation are clearly wrong or manifestly erroneous.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.