LOTTINGER, Judge.
This is an action ex contractu by plaintiff, Clyde S. Holland, against Louisiana Health Service & Indemnity Company (Blue Cross) under a hospitalization insurance policy issued by defendant to plaintiff, for certain doctor and hospital bills. From a judgment in favor of plaintiff awarding the medical expenses as well as penalties and attorney’s fees, defendant has appealed.
Plaintiff applied for hospitalization insurance on May 15, 1976, with defendant, which policy was issued effective that date. Plaintiff was hospitalized during January 1977 and incurred hospital and doctor bills totaling $2,061.00.
Relying on La.R.S. 22:619(B), defendant denied coverage because of false statements made by plaintiff on the application concerning plaintiff’s medical history. The application question whether plaintiff had been hospitalized within the last 10 years was answered “appendectomy in 1948.” All other questions as to whether plaintiff had any of a variety of listed diseases or illnesses were answered in the negative.
Plaintiff’s family physician testified that plaintiff’s prior medical history indicated he underwent a craniotomy in 1961. This doctor testified that plaintiff suffered from multiple myeloma and in 1968 was diagnosed to have diabetes and hypertension. The doctor further testified to hospitalization in January of 1967 and April of 1968.
Defendant’s agent solicited the purchase of this policy at plaintiff’s home in April of 1976, and testified that he filled out the application for plaintiff after asking all the questions contained on the form.
Plaintiff testified that he answered all the questions asked of him truthfully.
Defendant contends that the application contained false information with the intent to deceive, and that if defendant would have known the true condition of plaintiff, it would not have issued the policy.
The trial judge has not favored us with written reasons for judgment.
In Watson v. Life Insurance Company of La., 335 So.2d 518, 521 (La.App. 1st Cir. 1976), then Judge Blanche, now Mr. Justice Blanche, said:
“In order for the insurer to successfully urge LSA-R.S. 22:619(B) as a defense to recovery of the proceeds by the plaintiff-appellant, it must be proved that material misrepresentations were made fraudulently or with intent to deceive the insurer and that the misrepresentations materially affected the risk assumed by the insurer. Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957); Reed v. American Casualty Company of Reading, Pennsylvania, 317 So.2d 648 (La.App. 1st Cir. 1975), writ refused, 320 So.2d 914 (1975); Parfait v. Minnesota Mutual Life Insurance Company, 311 So.2d 558 (La.App. 4th Cir. 1975), writ refused 313 So.2d 847 (1975); Knight v. Jefferson Standard Life Insurance Company, 205 So.2d 485 (La.App. 1st Cir. 1967). Thus, the burden of proof is on the insurer to prove, in addition to the falsity of the statement made, the following two elements: (1) materiality and (2) intent to deceive. Stoma v. Prudential Insurance Company of America, 281 So.2d 871 (La.App. 3rd Cir. 1973).

"Intent to Deceive

“Strict proof of fraud is not required to show the applicant’s intent to deceive, because of the inherent difficulties of proving one’s intent. The intent to deceive must be determined from the attending circumstances which indicate the insured’s knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the in *657 sured recognized the materiality of the misrepresentations. Reed v. American Casualty Company of Reading, Pennsylvania, supra; Parfait v. Minnesota Mutual Life Insurance Company, supra; Murphy v. Continental Casualty Company, 269 So.2d 507 (La.App. 1st Cir. 1972).”
The issue before the trial court was one of credibility: which side was the trial judge to believe. He apparently believed the plaintiff when plaintiff said that he answered each question truthfully, thus there was no intent to deceive. We find no manifest error on the part of the trial judge. Defendant’s failure to prove the intent to deceive denies to it the defense found in La.R.S. 22:619(B).
However, in order for plaintiff to be awarded penalties and attorney’s fees under La.R.S. 22:657, the defendant must have unreasonably refused to pay the medical expenses of the plaintiff. La.R.S. 22:657(A) provides that if the insurer fails to pay plaintiff’s claim after 30 days, the plaintiff-insured is entitled to twice the amount claimed plus attorney’s fees “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.”
We find the trial judge erred in awarding penalties and attorney’s fees. Defendant had reasonable grounds to withhold the payment of plaintiff’s claim. The plaintiff’s prior medical history is directly contradictory to the application upon which the determination to issue the policy was made.
We find the actions of appellant to be reasonable in light of the medical history of the plaintiff and the failure of the application to reveal said history.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed as to the award of penalties and attorney’s fees, and in all other respects is affirmed. Appellant and appellee are to share all costs of this appeal.
REVERSED IN PART AND AFFIRMED IN PART.