418 So.2d 645 (1982)
Herbert COLEMAN, as Executor of the Estate of Ed Coleman
v.
OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA, et al.
No. 82-C-0285.
Supreme Court of Louisiana.
July 2, 1982.
Rehearings Denied September 3, 1982.
George O'Dowd, O'Dowd & O'Dowd, New Orleans, for applicant.
Frederick B. Alexius, F. Rae Swent, Provosty, Sadler & Delaunay, Richard B. Crowell, Crowell, Owens & Tudor, William P. Polk, Alexandria, for respondent.
WATSON, Justice.
The issue is whether defendant, Occidental Life Insurance Company of North Carolina, carried its burden of proving that decedent Ed Coleman misstated his date of birth with an intent to deceive the insurer. LSA-R.S. 22:619.[1]
*646 Coleman's heirs filed suit against Walker Oldsmobile of Alexandria, Inc., General Motors Acceptance Corporation, and Occidental Life Insurance Company of North Carolina, to recover on a credit life insurance policy issued to Coleman in connection with the purchase of a 1979 Oldsmobile. The trial court denied recovery. The Court of Appeal affirmed with one judge dissenting. Coleman v. Occidental Life Insurance Company of North Carolina, 407 So.2d 6 (La. App. 3 Cir. 1981). A writ was granted to consider the judgment. 412 So.2d 100 (La., 1982).
Douglas Tidwell testified that he was business manager for Walker Oldsmobile on June 19, 1979. Before Tidwell saw Coleman, salesman Johnny Berry had negotiated the sale of a car to Coleman. After Coleman indicated he wanted GMAC financing, Tidwell filled out a credit application. Tidwell took a "customer's statement" and obtained Coleman's name, address, social security number, driver's license number, and his date of birth, December 30, 1913. Coleman retired from thirty-seven years of employment at the V. A. Hospital and had a bank account. A woman with Coleman was identified as his daughter. Coleman said he wanted to include life insurance in his notes and left while Tidwell checked his credit with GMAC.
Tidwell calculated Coleman's age as sixty-five on the basis of the birthdate given in the credit application and entered this on Occidental Life Insurance Company of North Carolina's insurance form. He did not discuss age or eligibility with Coleman, and Coleman did not sign the insurance application. The next day Coleman signed a sale and chattel mortgage form and also signed to indicate a desire for "credit insurance". The $12,578.46 price included $538.86 for life insurance. Tidwell's commission on the contract of life insurance was sixty-five percent.
Edmond Coleman's brother, Herbert Coleman, testified that his deceased brother had a third grade education. It was stipulated that the balance due GMAC at the time of Ed Coleman's death was $10,105.20.
Coleman's driver's license shows his birth date as December 30, 1902, whereas his death certificate shows it as December 30, 1903. Edmond Coleman died October 3, 1979, not long after his purchase of the automobile.
The only reference on the sale and chattel mortgage form to age is a line which states "Age last birthday of Mortgagor Proposed for Life Insurance? [] Under 65". This line is not particularly emphasized or visible on the lengthy form. The box is not checked and Coleman did not sign a "Mortgagor's Age Statement," although there is a signature line, "(Signature of Mortgagor Proposed for Life Insurance)". Tidwell acknowledged that Coleman did not sign on that line.
The applicable law is LSA-R.S. 22:619. The statute requires that a false statement bars recovery only if it is made with the intent to deceive or it materially affects the risk. Louisiana jurisprudence requires both factors. Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957). See comment at 22 La.L.Rev. 190. The burden of proof rests with the insurer. Cousin v. Page, 372 So.2d 1231 (La., 1979). There is no question that Coleman's age materially affected the acceptance of the risk by Occidental.
The crucial question is the intent to deceive. Tidwell put down Coleman's date of birth as 1913 in connection with his credit application. Tidwell admitted that he knew Coleman was an elderly man but he did not attempt to verify his age by his driver's license or any other documentation. There was no discussion of age with reference to credit life insurance. The trial court inferred that the incorrect birth date showed an intent to deceive the insurance company because it placed Coleman barely within the sixty-five year limitation on insurability. However, Coleman gave the same date to Turpin Pontiac Company in a credit application made in June of 1978. There was no evidence that Coleman knew insurance was not issued to those over sixty-five. *647 It is significant that, for some unknown reason, Coleman did not sign the "Mortgagor's Age Statement" and did not attest to being under sixty-five. The only representation to the insurance company about his age was made by Tidwell. Compare Bank of Coushatta v. Thomas, 378 So.2d 1041 (La.App. 2 Cir. 1979). It is possible that Coleman gave a false date because he knew the age limitation on insurability. It is also possible that he was merely reluctant to reveal his true age. It is also possible that Tidwell intentionally put down a false date in order to secure the sixty-five percent commission. The fact that the year 1902 appears on Coleman's driver's license and 1903 on his death certificate indicates some uncertainty about his actual age.
"Intent to deceive must be determined from surrounding circumstances indicating the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality." Cousin v. Page, 372 So.2d at 1233.
The trial court here was clearly wrong in finding that the circumstances created a reasonable assumption that Coleman intended to deceive the insurer. An intent to deceive was not proven.
For the foregoing reasons, the judgments of the trial and appellate courts herein are reversed, and
IT IS ORDERED that there be judgment herein against defendant, Occidental Life Insurance Company of North Carolina for payment of its certificate number 02434 on the life of Ed Coleman in the amount of $10,778.88, plus legal interest from date of judicial demand. In accordance with the terms of the policy, $10,105.20 will be paid to extinguish Coleman's automobile debt and the balance of $673.68 and legal interest will be paid to Coleman's estate.
REVERSED AND RENDERED.
LEMMON, J., dissents.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I am unable to say under the circumstances here presented that the trial judge was clearly wrong in finding that Coleman intended to deceive his insurer. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
I cannot agree that Ed Coleman unintentionally misrepresented his date of birth in applying for credit life insurance. It is undisputed that Occidental does not issue credit life insurance to persons over the age of 65. This age limit was not specifically called to Ed Coleman's attention, but the sale and chattel mortgage form signed by Mr. Coleman contained a section for application for credit life insurance with express mention of the age restriction. As noted by both lower courts, the application contained only one incorrect response. Ed Coleman furnished the company with his correct driver's license number, but misstated his date of birth by a full ten years, placing himself just within the policy limitations.
Contrary to the evidence, the majority opinion implies that Douglas Tidwell may have been responsible for the misrepresentation of Mr. Coleman's age. Tidwell's testimony that all information on the application for insurance was furnished by Ed Coleman was unrefuted. Misrepresentations must be attributed to the person supplying the incorrect information and not to the person who merely fills in the blanks on the form.
Uncertainty as to the exact date of Ed Coleman's birth is irrelevant. Accepting either the date on his driver's license or the date on his death certificate, Mr. Coleman misrepresented his age by at least ten years in applying for credit life insurance.
Rather than implying that the date of birth was unintentionally misrepresented on the more recent application for credit life insurance, the fact that Mr. Coleman gave *648 the same incorrect date of birth in an application for insurance filled out in 1978 only supports the conclusion that the date was misstated with the intent to deceive the insurer. Having applied for credit life insurance in the past, Mr. Coleman was sure to be aware of the common restriction of such coverage to persons age 65 or under. In order to obtain insurance for which he was otherwise ineligible, Ed Coleman intentionally misrepresented the date of his birth.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] LSA-R.S. 22:619 provides:

"A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
"B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."