430 So.2d 792 (1983)
Dorothy Morris, widow of George Henry MORRIS
v.
SOUTHERN LIFE & HEALTH INSURANCE COMPANY.
No. 82-CA-190.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
Rudman, Howard, Laudumiey & Mann, D. Douglas Howard, Jr., New Orleans, for plaintiff-appellant.
Goldman & Levin, Stanley H. Levin, New Orleans, for defendant-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
*793 CHEHARDY, Judge.
Plaintiff Dorothy Morris appeals from a judgment dismissing her suit against defendant for the proceeds of a life insurance policy allegedly due following the death of her husband.
The record establishes the following facts:
In September 1980 George Henry Morris was hired by Southern Life & Health Insurance Company as an insurance agent. As an employee he was eligible to participate in the group health and life insurance plan issued by the employer. No medical examination was required.
On October 23 Mr. Morris filled out the requisite application for membership. It consisted of questions concerning his past and present health, and an authorization to doctors, hospitals and other health providers to release medical information to the insurer. The application was signed by both Mr. and Mrs. Morris, and the wife was named beneficiary.
Morris died three months later on February 28, 1981. The death certificate listed the cause of death as cardiac arrest and liver insufficiency.
Mrs. Morris' claim for $17,000 due under the policy was rejected by the insurer on the ground that decedent had falsified answers on his application which had materially affected the risk. It tendered the return of premiums paid in the amount of $87.40. Plaintiff then instituted this suit against defendant, which was dismissed by the trial court.
The issues for our determination are: (1) whether the answers in decedent's application were made with intent to deceive and/or materially affected the risk or hazard, and (2) whether the trial court was correct in allowing into evidence all of the decedent's medical records.
Concerning the first issue, we are governed by R.S. 22:619, which provides in pertinent part:
"B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."
The alleged incomplete and false statements on which defendant relies refer in particular to answers to the following questions:
Been treated for alcoholism or any drug habit?
Ever had symptoms or been diagnosed as having disorder, disease or persistent discomfort of:

Digestive system such as ulcer, cirrhosis, hemorrhoids, bleeding?

Nervous system such as mental or nervous disorder?
Within the past five years have you had any other impairment, sickness or injury?
Been advised to have any diagnostic tests, hospitalization, or surgery which was not completed?
Decedent answered "No" to all of the above questions.
He answered "Yes" to this question:
Are all the proposed insureds in good health and free from injury or disease and of normal physical and mental development?
In answer to a final question seeking the names and addresses of doctors who could give the most complete and current information on the applicant's health, Morris listed only one, Dr. Gary Bergeaux.
As stated in R.S. 22:619, if the answers to the above questions are false they will vitiate the contract only if they were made with intent to deceive, or if they materially affect the acceptance of the risk or hazard assumed. The burden of proof is on the insurer. Thompson v. Business Ins. Life of America, 413 So.2d 331 (La.App. 3d Cir. 1982); Martin v. Security Indus. Ins. Co., 367 So.2d 420 (La.App. 2d Cir.1979), writ refused 369 So.2d 1364 (La.1979).
*794 In support of its burden, the insurer was able to show decedent had consulted a number of doctors other than Dr. Bergeaux for serious undisclosed medical problems.
Dr. F.X. Lothscheutz was consulted in May 1979 for pain in the right chest. He sent decedent to Methodist Hospital, found him to be anemic and urged hospitalization and a complete work-up. The patient failed to follow through.
On October 18, 1979 Dr. Bergeaux diagnosed decedent's medical condition as probable Laennec's cirrhosis (normally caused by alcoholism and malnutrition). This was confirmed by Dr. Barracas.
Decedent was hospitalized from November 20, 1975 to December 1, 1975 for treatment of chronic bromide intoxification caused by taking up to 20 Nervine tablets a day. This is an over the counter drug recommended by a pharmacist to ease decedent's hemorrhoidal pain. Excessive use caused the intoxication.
Although decedent's wife and daughter denied he was an alcoholic, stating he drank only beer, except at weddings, the medical evidence is that decedent had a long-standing history of alcoholic excess.
Abnormal EEG findings were noted by Dr. Daniel J. Trahant on November 20, 1975 and by Dr. Patricia S. Cook on November 22, 1979.
Decedent was seen by the doctors for rectal bleeding, anemia, jaundiced eyes, cirrhosis of the liver, and malnutrition as a consequence of excessive use of alcohol.
None of the above medical information was noted on decedent's application. It disclosed only that decedent had been hospitalized for a pulmonary disorder for which he had an EKG, x ray or diagnostic test, and that Dr. Bergeaux could give the most current information concerning his health.
It is appellant's position that (1) there was no intent to deceive, because the questions were ambiguous, misleading and deceptive; (2) the investigation of decedent's health should have been completed by the insurer between the time decedent applied for coverage (October 23, 1980) and issuance of the policy (December 1, 1980), not afterward; and (3) the medical records were improperly admitted in evidence.
We find nothing ambiguous, misleading or deceptive in the questions; we are, however, concerned with the misleading, incomplete and deceptive answers to the questions.
Appellant contends we must determine whether decedent made the statements with intent to deceive and that they materially affected the acceptance of the risk or hazzard assumed by the insurer.
She avers that although R.S. 22:619(B) uses the conjunction "or", rather than "and" as underscored above, the jurisprudence has interpreted the statute to mean the insurer must prove both. Johnson v. Occidental Life Ins. Co. of Cal., 368 So.2d 1032 (La.1979); Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982).
As stated in Boyette v. Chrysler Credit Corporation, 298 So.2d 130 (La.App. 1st Cir. 1974), writ refused 302 So.2d 24, "* * * the courts have been somewhat inconsistent in interpreting the foregoing statute."
The matter appears to us to have been put to rest in Coleman v. Occidental Life Ins. Co. of N.C., supra, interpreting the statute as requiring both factors. Stoma v. Prudential Insurance Company of America, 281 So.2d 871 (La.App. 3d Cir.1973). See also Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957); Comment, 22 La.L.Rev. 190.
Since we conclude in the instant case the statements were made with intent to deceive and materially affected the risk, appellee has satisfied both requirements.
As evidenced by the medical records decedent was well aware that he had seen more than one doctor, had been hospitalized on more than one occasion and had serious medical problems, none of which were disclosed on the application.
As stated by the trial court in its reasons for judgment:
"Considered separately the omissions in the decedent's application may not be *795 sufficient to bar recovery under R.S. 22:619(B); however when considered in their totality, they do materially affect the acceptance of the risk assumed by the insurer. The truthfulness and sufficiency of the answers in the application are of paramount materiality and critical significance. The decedent having engaged in the business of selling life insurance was fully aware, more so than the average applicant, of the importance for a full disclosure of medical information and the reliance placed on this information by the insurer in the acceptance or rejection of the risk."
Concerning appellant's second contention, no investigation was made prior to the issuance of the policy because, based upon decedent's answers to the questions, none was necessary. Had the insurer been truthfully appraised of decedent's physical condition it could have then investigated or declined the risk. We note the insurer would have been hampered in any investigation based upon information listed in the application because decedent failed to disclose the names and addresses of the various doctors who could have provided the necessary information, other than Dr. Bergeaux.
Appellant's final contention concerns the admissibility of the medical records. It is her position that the authorization for the release of medical information was limited to that period from the date of the application to the issuance of the policy, and was not intended to extend ad infinitum.
We have carefully examined the authorization and find no such limitation, nor is there a revocation by Mr. Morris or Mrs. Morris in the record.
The trial court admitted the hospital records as prima facie proof of their contents under R.S. 13:3714. Appellant complains she had no opportunity to cross-examine the physicians.
Appellant had knowledge well in advance of trial that the insurer was relying on medical reports of Drs. Bradke and Bergeaux since copies were attached as exhibits to defendant's answers to interrogatories. Plaintiff could have deposed those doctors in advance of trial but chose not to do so. Not having exercised this privilege, appellant cannot now claim to have been deprived of the right to cross-examine the doctors. Therefore the subject medical record which is prima facie proof of its contents was properly admitted in evidence.
We are of the opinion that the insurer has borne its burden of proof, and the trial court was correct in dismissing plaintiff's claim.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.