461 So.2d 618 (1984)
Delores RAGAN
v.
PILGRIM LIFE INSURANCE COMPANY OF AMERICA.
No. 83 CA 1410.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Writ Denied March 8, 1985.
Maurice D. Robinson, Jr., Hammond, Charles V. Genco, Amite, for plaintiff-appellee.
A.D. Barnes, Jr., New Orleans, for defendant-appellant.
*619 Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This appeal is from a judgment of the trial court which found General Motors Acceptance Corporation (GMAC) to be the primary beneficiary entitled to proceeds of a credit life policy issued to C.C. Ragan by Pilgrim Life Insurance Company (Pilgrim). Excess funds of the policy were found to be payable to the estate of C.C. Ragan, through his wife, Mrs. Delores Ragan (Ragan). Pilgrim appeals. We affirm.
On July 13, 1981, Mr. Ragan purchased a Chevrolet Malibu from Ross-Downing Chevrolet. He executed a note and a chattel mortgage which was assigned to GMAC. On the same day he completed an application for credit life insurance from Pilgrim. On this application Mr. Ragan made the representation that he had not consulted or been under the care of a doctor for any disease of the heart ... "within the past six months." Mr. Ragan had actually suffered a myocardial infarction approximately 5 months and 25 days prior to the application date. Mr. Ragan died in December of 1981 with an acute cerebral vascular accident.
On March 15, 1982, Pilgrim cancelled the policy and refunded the entire premium to GMAC. After no payments were made, GMAC attempted to seize the mortgaged auto but was enjoined by this suit by Mrs. Ragan. The creditor beneficiary of the credit life policy is GMAC and the secondary beneficiary is the estate of C.C. Ragan.
After trial on the merits, the trial judge held that the misrepresentation made by Mr. Ragan was not made with the intent to deceive, nor did it materially affect the acceptance of the risk by Pilgrim. Judgment was rendered in favor of GMAC as beneficiary to the proceeds payable under the credit life insurance policy issued to Mr. Ragan. Pilgrim brought this suspensive appeal from the judgment of the trial court.[1]
Pilgrim alleges on appeal that the trial court erred in (1) refusing to recognize and give full weight to a stipulation signed by counsel for all parties, (2) and failing to void the credit life insurance policy issued to C.C. Ragan.
La.R.S. 22:619 provides as follows:
A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
The jurisprudence interpreting this statute places the burden of proof upon the insurer. The statute provides that a false statement bars recovery only if the insurer proves it is made with the intent to deceive or if it materially affects the risk. However, Louisiana jurisprudence requires proof of both factors. Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 *620 (La.1982). Antill v. Time Insurance Company, 460 So.2d 677 (La.App. 1st Cir.1984).
The record reflects and the parties agree that there was a misrepresentation. The trial judge, in his Reasons for Judgment, found as fact that the misrepresentation made by Mr. Ragan was not made with the intent to deceive, nor did it materially affect the acceptance of the risk by Pilgrim.
The intent to deceive must be determined from the attending circumstances which indicate the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the insured recognized the materiality of the misrepresentations. Watson v. Life Insurance Company of Louisiana, 335 So.2d 518 at 521 (La.App. 1st Cir. 1976)
The appellant failed to assign as error the trial court's finding of fact that the misrepresentation was not made with the intent to deceive and makes no argument in connection with that finding. However, we specifically note that our review of the record convinces us that where the question answered by the insured simply failed to take in account five (5) days, the finding of fact of the trial court that the insured did not intend to deceive was not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Consequently, it becomes unnecessary for us to determine whether or not the misrepresentation materially affected the acceptance of the risk by Pilgrim.
The judgment rendered in this matter granted judgment to GMAC in the amount of $7,644.91 and the excess of the policy amounting to $1,452.19 to the C.C. Ragan Estate. GMAC has never sued for the proceeds of the policy, nor intervened in Ragan's suit claiming the benefits. However, none of the parties question GMAC's rights to the proceeds if the policy is valid. Consequently, we will affirm the judgment of the trial court in the only matter before us which is suit bearing our docket number 83 CA 1410. All costs are to be paid by Pilgrim.
AFFIRMED.
NOTES
[1] We note that suit bearing our docket number 83 CA 1411 is an executory process suit filed by GMAC against Mr. Ragan. A temporary restraining order was issued enjoining the sale on November 24, 1982. No further action was taken on this suit except its consolidation with Ragan v. Pilgrim Life Insurance of America, bearing our docket number 83 CA 1410. The judgment rendered, although bearing the docket number of both cases, made no disposition of the executory proceeding. The temporary restraining order has now expired by application of law. La.C.C.P. art. 3604. There was consequently no judgment to appeal from in suit number 83 CA 1411. Our decree only disposes of suit number 83 CA 1410 even though the cases were consolidated for trial.