486 So.2d 1110 (1986)
Bobby D. JONES, et ux, Plaintiffs-Appellees,
v.
UNITED SAVINGS LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 17675-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*1111 Wilkinson, Carmody & Gilliam by Jerald N. Jones, Shreveport, for defendant-appellant.
Culpepper, Teat, Caldwell & Avery by James D. Caldwell, Jonesboro, for plaintiffs-appellees.
Before HALL, C.J., and NORRIS and LINDSAY, JJ.
HALL, Chief Judge.
Defendant, United Savings Life Insurance Company, appeals from the judgment of the trial court in favor of plaintiff, Bobby D. Jones, individually and in his capacity as the surviving spouse of Patricia Jones and natural tutor of the two minor children, Dena Jones and Jula Jones, in plaintiff's action to recover insurance benefits allegedly due under a major hospital, medical, and surgical policy issued by defendant, together with statutory penalties and attorney's fees. The court awarded plaintiff $11,289.68 in benefits but denied penalties and attorney's fees. For the reasons expressed herein, we reverse the judgment of the trial court and reject plaintiff's demands.
ISSUE ON APPEAL
On appeal, the sole issue before this court is whether the trial court erred in finding that the plaintiff did not intentionally give false information on any material fact in his application for health and hospitalization insurance.
FACTS
On March 5, 1983, plaintiff and his wife, Patricia Jones, applied for a major hospital, medical, and surgical expense policy with the defendant. Defendant's insurance agent interviewed the plaintiff and filled in the application form based on information provided by the plaintiff. While Patricia Jones was present in the room during part of the application process, it does not appear that she participated in the answering of any questions or that she supplied any pertinent information. The specific questions asked by the agent regarded both the past and present physical and mental health of the insureds and any hospitalizations or consultations with a physician which had occurred within the last five years previous to the date of the application. Plaintiff indicated that he had gallbladder surgery in 1978 and that Patricia Jones had a duodenal ulcer in 1981 and a bout with pneumonia in 1982. These were the only diseases or ailments and hospitalizations which were listed on the application form. Based on this information, the defendant accepted the application and issued a policy to the Joneses. The policy only excluded Mrs. Jones' "Duodenal Ulcer or disease or disorder of the gastrointestinal tract."
Plaintiff later submitted claims in excess of $13,000.00 for the hospitalization of Patricia Jones on three separate occasions in September, November, and December, 1983. Upon investigation of these claims, defendant concluded that plaintiff had materially misrepresented his wife's state of health in obtaining the insurance policy and coverage was denied on this basis.
*1112 Plaintiff and his wife instituted this action on March 15, 1984, to recover the proceeds allegedly due under the policy. During the pendency of these proceedings, Patricia Jones died.
At the trial on the merits, it was stipulated that Patricia Jones was suffering from obesity, a hiatal hernia, arteriosclerosis heart disease, and chronic depressive psychosis. None of these conditions are reflected on the application form.
Plaintiff, Bobby Jones, testified that at the time of the application, he knew his wife had suffered from obesity, pneumonia, hemorrhoids, gastroenteritis, and an ulcer but plaintiff denied having knowledge of his wife's heart disease, hiatal hernia, and chronic depressive psychosis. Plaintiff testified that he also knew that his wife had had a hysterectomy and that her gallbladder had been removed. Plaintiff stated his wife was hospitalized quite often at times and that she had possibly been hospitalized more than five times in the five year period from 1978 to 1983. The evidence disclosed that Patricia Jones had been hospitalized twenty-three times in the Minden Medical Center from 1978 to 1983. Plaintiff testified that this number of hospitalizations did not surprise him and that he was aware of these hospitalizations. Plaintiff indicated that the insurance agent filled in the application form correctly based upon the information that he provided to the agent. Plaintiff generally testified that he did not remember what the agent specifically asked him with reference to all the questions contained in the application form and that the agent asked the questions quickly in a rapid manner. Plaintiff stated that he attempted to answer the questions to the best of his ability and that in filing out the application, he did not intentionally withhold any information.
Janice Gregory, an underwriter with the defendant company, explained that when a new application is received, she must make a decision whether to either approve or decline the application or whether further investigation is necessary. The defendant company has a point system which is utilized in reviewing applications by which a medical condition is assigned a certain number of points depending upon the severity of the condition. If the points total or exceed 120, then a policy would not be issued. Also, a prospective insured may be uninsurable based upon the guidelines of a weight chart, if the applicant has been hospitalized five or more times in the five year period preceding the application, or if the applicant is currently under any type of psychiatric care. Gregory stated that she specifically recalled the Jones application and that the policy was issued excluding the duodenal ulcer and any disease of the gastrointestinal tract. Gregory testified that the policy was reviewed again due to the defendant's receipt of information pertaining to Patricia Jones' medical condition. Using this information, the point total for Patricia Jones was 160. After reviewing this information, a decision was made by defendant to delete Patricia Jones from coverage under the policy in accordance with the company's standards of insurability. Gregory testified that the original policy would not have been issued at the time of application due to the medical history of Patricia Jones which reflected her poor state of health, together with the fact that she was being treated for a psychiatric disorder and had been hospitalized more than five times in one year.
TRIAL COURT ACTION
After reviewing the evidence, the trial court found that the application form did not accurately reflect the medical history of Mrs. Jones. However, the court found that defendant failed to establish that plaintiff had intentionally given false information in submitting the application and that the plaintiff's testimony that he answered the agent's questions truthfully was credible, particularly in the absence of testimony by the defendant's agent who filled out the form. The court rendered judgment in favor of the plaintiff. Due to the significant medical history of Patricia Jones which was not disclosed on the application and not discovered until the claims were submitted, the court found the defendant's *1113 denial of these claims was not arbitrary or capricious and denied plaintiff's claim for penalties and attorney's fees.
APPLICABLE LEGAL PRINCIPLES
LSA-R.S. 22:619 provides:
A. Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
To avoid liability on the grounds of misrepresentation in the application, it must be shown that the material misrepresentations were made fraudulently or with the intent to deceive the insurer and that the misrepresentations materially affected the risk assumed by the insurer. Louisiana jurisprudence requires proof of both factors and the burden of proof is on the insurer. Watson v. Life Insurance Company of La., 335 So.2d 518 (La.App.1976). See also Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982); Cousin v. Page, 372 So.2d 1231 (La.1979); Johnson v. Occidental Life Ins. Co. of Cal., 368 So.2d 1032 (La.1979); Kieffer v. Southern United Life Ins. Co., 437 So.2d 919 (La. App.2d Cir.1983), writ denied, 442 So.2d 456 (La.1983); Martin v. Security Indus. Ins. Co., 367 So.2d 420 (La.App.2d Cir.1979), writ denied, 369 So.2d 1364 (La.1979); Brown v. National Old Life Ins. Co., 345 So.2d 1023 (La.App.2d Cir.1977), writ denied, 347 So.2d 255 (La.1977); Ragan v. Pilgrim Life Ins. Co. of America, 461 So.2d 618 (La.App. 1st Cir.1984), writ denied, 464 So.2d 315 (La.1985); Antill v. Time Ins. Co., 460 So.2d 677 (La.App. 1st Cir.1984); McClelland v. Security Indus. Ins. Co., 426 So.2d 665 (La.App. 1st Cir. 1982), writ denied, 430 So.2d 94 (La.1983); Davis v. State Farm Mut. Auto. Ins. Co., 415 So.2d 501 (La.App. 1st Cir.1982); Topps v. Universal Life Ins. Co., 396 So.2d 394 (La.App. 1st Cir.1981); Holland v. Louisiana Health Serv. & Indem. Co., 372 So.2d 655 (La.App. 1st Cir.1979); Jamshidi v. Shelter Mut. Ins. Co., 471 So.2d 1141 (La.App.3d Cir.1985); Henry v. State Farm Mut. Auto. Ins. Co., 465 So.2d 276 (La.App.3d Cir.1985); Green v. Pilot Life Ins. Co., 450 So.2d 406 (La.App.3d Cir. 1984), and Morris v. Southern Life & Health Ins. Co., 430 So.2d 792 (La.App. 5th Cir.1983). Due to the inherent difficulties in proof of intent, strict proof of fraud is not required to show the applicant's intent to deceive. The intent to deceive is determined from the surrounding circumstances which indicate the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations or from circumstances which create a reasonable assumption that the insured recognized the materiality. Watson v. Life Insurance Company of La., supra. See also Coleman v. Occidental Life Ins. Co. of N.C., supra; Cousin v. Page, supra, and Johnson v. Occidental Life Ins. Co. of Cal., supra. In order for the misrepresentations made by the applicant to be found material, they must have affected the acceptance of the risk by the insurer. The test of materiality is whether the knowledge of the facts would have influenced the insurer in determining whether to assume the risk or in fixing premiums. Watson v. Life Insurance Company of La., supra; Martin v. Security Indus. Ins. Co., supra; Jamshidi v. Shelter Mut. Ins. Co., supra; Henry v. State Farm Mut. Auto Ins. Co., supra, and Green v. Pilot Life Ins. Co., supra. Even if the information supplied by *1114 the applicant was false, if the insurer would have issued the policy anyway, then it is not material. Jamshidi v. Shelter Mut. Ins. Co., supra. False statements in answer to questions as to consultations with physicians and hospitalizations have been held to be material. Henry v. State Farm Mut. Auto. Ins. Co., supra.
Therefore, the insurer bears a three-tiered burden of proof. First, it must be shown that the applicant's statements were false. Second, the insurer must establish that the misrepresentations were made with an actual intent to deceive. Third and finally, the insurer must establish that these misstatements materially affected the risk assumed by the insurer. Martin v. Security Indus. Ins. Co., supra.
LIABILITY OF DEFENDANT
After reviewing the record before us in light of the above legal principles, it is the opinion of this court that the trial court erred in finding that the defendant-insurer failed to meet its burden of proof so as to avoid liability.
The trial court found that while the insurance application did not accurately reflect the medical history of Patricia Jones, the plaintiff did not intentionally supply false information in submitting that application. We disagree.
In the application process, plaintiff failed to disclose a considerable number of hospitalizations for his wife. The application form itself indicates the effort of the defendant's agent to obtain pertinent information on hospitalizations and various medical conditions. Plaintiff admitted in his testimony that he was aware of his wife's hospitalizations even though plaintiff testified he had no knowledge of some of his wife's medical conditions such as heart disease. However, plaintiff admitted only one or two of his wife's hospitalizations in the application form. The fact that several hospitalizations were listed in the application form establishes that this question was raised. Therefore, it appears obvious from the record that plaintiff was asked about hospitalizations yet failed to disclose the repeated hospitalizations of his wife.
The evidence established that plaintiff had applied for health and medical insurance on several occasions in the past with different companies and it does not appear that plaintiff was unfamiliar with the application process. Aside from the questions concerning hospitalizations, the form asked the applicant to state whether or not he and his dependents were at that time in good health. The plaintiff indicated that the prospective insureds, including his wife, were in good health. However, at trial plaintiff admitted: "I knew she wasn't in good health." It is inconceivable that given plaintiff's knowledge of his wife's numerous incidents of hospitalization plaintiff could believe that his wife was in good health. The representations made by plaintiff in the application form as to his wife's health were clearly false and the circumstances indicate that such representations were made with the intent to deceive the defendant-insurer and that plaintiff recognized the materiality of these representations. Further, these representations were material in that the defendant-insurer would not have issued the policy had it known of Patricia Jones' medical history and extensive number of prior hospitalizations. In short, the fact that plaintiff was not unfamiliar with the application process and the information sought thereby, together with his admitted knowledge of his wife's repeated experiences of hospitalization within the preceding five years, mandates the conclusion that he intentionally misrepresented the state of his wife's health. Thus, we find that the defendant-insurer met its burden of proof to avoid liability under the policy.
The fact that the insurance agent who filled out the form did not testify is troublesome. However, plaintiff's testimony indicates the agent put everything down that plaintiff told him. Nothing in plaintiff's testimony indicates that the agent misled him about the information called for or that plaintiff did not know what was in, or left out, of the form when he signed it.
*1115 JUDGMENT
For these reasons, the judgment of the trial court in favor of plaintiff, Bobby Jones, individually and in his capacity as the surviving spouse of Patricia Jones and natural tutor of the two minor children, against defendant, United Savings Life Insurance Company, is reversed and judgment is rendered rejecting plaintiff's demands, at plaintiff's costs.
REVERSED AND RENDERED.