Bobby E. WATSON

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY.

Civ. A. No. 89–426–B.

United States District Court,
M.D. Louisiana.

April 20, 1990.

Phil E. Miley, Baton Rouge, La., for plaintiff.

Thomas E. Loehn, Boggs, Loehn & Rodrigue, New Orleans, La., for defendant.

RULING ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Bobby E. Watson originally filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana against United of Omaha Life Insurance Company (United) to recover life insurance benefits allegedly owed to him. The defendant timely removed this suit to this Court based on diversity jurisdiction.[1] United has now filed a motion for summary judgment.

On March 10, 1987, Mrs. Frankie Watson applied for a $50,000 term life insurance policy with United. In her application, Mrs. Watson indicated that her health history included treatment for a malignant tumor which had been removed from her head in 1975 by Dr. William L. Fisher. She further stated that at the time of her application she was on medication to prevent seizures but had been completely released by Dr. Fisher insofar as her diagnosis of cancer was concerned. United confirmed this medical history and decided to issue the insurance policy subject to Mrs. Watson's confirmation that there were no changes in her health since March 10, 1987. On July 9, 1987 Mrs. Watson signed a certificate, which was made a part of the application, reaffirming her original answers and stating that "all persons proposed for insurance in the application have had no illness or injury since the date of the application". Nine months later, Mrs. Watson died from respiratory failure resulting from a brain tumor. Upon receiving the proof of death form, United advised Mr. Watson that an investigation was required before his claim could be paid. In its investigation, United discovered that Mrs. Watson had been hospitalized for osteomyelitis from May 4 through May 7, 1987 and for a malignant neoplasm from

---

1. 28 U.S.C. § 1332; 28 U.S.C. § 1446.

June 21 through July 6, 1987. United concluded that Mrs. Watson had misrepresented her medical condition in her application. Therefore, United rescinded the life insurance policy issued to Mrs. Watson and refunded the premiums she had paid in the amount of $380.60. The question for this Court to decide in connection with defendant's motion for summary judgment is whether this rescission was proper.

■ The applicable statute which must be applied by the Court in this case is LA R.S. 22:619(A) which provides:

> Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1 no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

The insurer, United, bears the burden of proving that the insured misrepresented a material fact and did so with the intent to deceive.[2] Since it has the burden of proof at trial on this issue, United must show there is no issue of fact in dispute as to its liability in order for the summary judgment to be proper. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ To support its motion for summary judgment, United submitted the deposition of Dr. Fisher. Dr. Fisher testified that he diagnosed and treated Mrs. Watson for osteomyelitis in May of 1987 and a malignant sarcoma in June of 1987. Therefore, contrary to her statement in her application, Mrs. Watson did suffer from an illness

between March 10, 1987 and the July 9, 1987. Furthermore, Frank Theisen, a United agent, stated in a letter to Mr. Watson on July 12, 1988 that "had we been aware of your wife's condition at the time the delivery certificate was signed, we would not have delivered the policy to her ...". Therefore, since knowledge of such facts would have influenced the insurer in its determination of whether to issue the policy or in fixing the premiums, these misrepresentations were material.[3]

Finally, United must prove that these misrepresentations were made with the actual intent to deceive. The courts have consistently held that in showing such intent, strict proof of fraud is not necessary. "Intent to deceive must be determined from surrounding circumstances indicating the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality."[4] It is clear that both Mr. and Mrs. Watson was aware of the severity of Mrs. Watson's condition.[5] Dr. Fisher stated that after the July hospitalization, he told them of her poor condition and discussed the option of further surgery or treatment at M.D. Anderson Hospital. The Watsons decided not to have any more surgery.[6] Mrs. Watson personally signed the Application, Supplemental Application, and Statements to Examiner. Each of these documents provided immediately above her signature that *all answers will be relied on to determine insurability.* In signing the application, Mrs. Watson agreed that "I have (a) read the above Agreements and the Receipt and (b) read and approved the answers as re-

---

2. *Darby v. Safeco Insurance Co. of America,* 545 So.2d 1022 (La.1989); *Coleman v. Occidental Life Insurance Co. of North Carolina,* 418 So.2d 645 (La.1982); *Cousin v. Page,* 372 So.2d 1231 (La.1979).

3. *Laird v. Globe Life and Accident Insurance Co.,* 503 So.2d 1107 (La.App. 3 Cir.1987); *Jones v. United Savings Life Insurance Co.,* 486 So.2d 1110 (La.App. 2 Cir.1986); *Fagen v. National Home Life Assurance Co.,* 473 So.2d 918 (La. App. 4 Cir.1985).

4. *Coleman v. Occidental Life Insurance Company of North Carolina,* 418 So.2d 645 (La.1982); *Benton v. Shelter Mutual Insurance Co.,* 550 So.2d 832 (La.App. 2 Cir 1989); *Viada v. Blue Cross of Louisiana,* 524 So.2d 101 (La.App. 4 Cir.1988); *Jones v. United Savings Life Insurance Co.,* 486 So.2d 1110 (La.App. 2 Cir 1986);

5. See Dr. Fisher's deposition at pages 9, 10 and 15.

6. See Dr. Fisher's deposition at page 9.

corded". This certification strongly indicates that she realized the importance of her answers. Furthermore, Mrs. Watson was 49 years old when she applied for this life insurance. The record reveals that she had at least some basic and practical experience with life insurance to so understand the significance of each of her responses. Therefore, the Court concludes that Mrs. Watson did appreciate the materiality of these misrepresentations and did make them with the intent to deceive.

After a consideration of the entire record, the Court finds that United has satisfied its burden of proof that misrepresentations were made by Mrs. Watson on her application with the intent to deceive. Therefore, United is entitled to void the insurance contract it issued to Mrs. Watson.

Therefore, IT IS ORDERED that United's motion for summary judgment be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.