WOODARD, Judge.
This appeal arises out of a suit to rescind a disability income insurance policy. The issue on appeal is whether defendant, J. Eugene McCollough, made a false representation on his application for insurance with the intent to deceive plaintiff, Lincoln National Life Insurance Company.
*205 FACTS
On November 10, 1988, Mr. MeCollough signed an application for disability income insurance at the office of Mr. Thomas Grayson Easterling, an insurance broker. The application was filled in by Mr. Easter-ling’s secretary and then reviewed by Mr. Easterling. One section of the application was completed as follows:
6. Annual Earned Income (After Business Expense, if any):
(a) Current year $50,000.00
(b) Prior year $40,000.00
After Lincoln National received the application, they requested a verification of Mr. McCollough’s income. In response to this request, Mr. Easterling’s office typed a letter stating that Mr. McCollough’s “income” was $50,000 for the current year and $40,000 for the prior year. This letter was signed by Mr. MeCollough and submitted to Lincoln National.
On January 20, 1989, Lincoln National issued a disability income insurance policy to Mr. MeCollough. On March 5, 1989, Mr. MeCollough made a claim on the policy, asserting total disability as a result of an accident he was involved in on February 18, 1989.
While investigating his claim, Lincoln National discovered that Mr. McCollough’s income after business expenses was substantially lower than that stated on his application. As a result, Lincoln National returned Mr. McCollough’s premiums and notified him that the policy was rescinded. When Mr. MeCollough failed to cash the check, Lincoln National filed this suit for judicial rescission of the policy, claiming Mr. MeCollough misrepresented his income amount on the policy application with the intent to deceive Lincoln National.
After a trial on the merits, the trial judge rendered judgment in favor of Mr. McCol-lough, finding Lincoln National failed to meet its burden of proving that Mr. McCol-lough had the requisite intent to deceive. The lawsuit was dismissed with prejudice. Lincoln National appeals this judgment and asserts as error (1) the trial court’s finding that Mr. MeCollough did not intend to deceive Lincoln National, and (2) the trial court’s exclusion of evidence of other transactions entered into by Mr. MeCollough. We affirm.
LAW
Louisiana R.S. 22:619 provides a defense to recovery under an insurance policy where the insured has made a material misrepresentation in negotiating the insurance contract. The insurer must prove (1) that the false statement was made with the intent to deceive and (2) that it materially affected the acceptance of the risk. Coleman v. Occidental Life Ins. Co. of N.C., 418 So.2d 645 (La.1982). The materiality of the misrepresentation is not at issue here.
The issue we are concerned with is whether the trial judge erred in concluding that Lincoln National failed to prove by a preponderance of the evidence that Mr. MeCollough made misrepresentations with the intent to deceive.
The standard of proof for determining whether an applicant had the intent to deceive was set forth in Watson v. Life Insurance Company of La., 335 So.2d 518, 521 (La.App. 1 Cir.1976), and adopted by the Louisiana Supreme Court in Johnson v. Occidental Life Insurance Co. of Cal., 368 So.2d 1032, 1036 (La.1979), as follows:
“Strict proof of fraud is not required to show the applicant’s intent to deceive, because of the inherent difficulties of proving one’s intent. The intent to deceive must be determined from the attending circumstances which indicate the insured’s knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the insured recognized the materiality of the misrepresentations. ’ ’
The evidence at trial fails to establish that Mr. MeCollough knew he was giving false information on the application. The amounts listed on the application do accurately represent Mr. McCollough’s “income” before business expenses are deducted. Although the application states parenthetically that the amount listed *206 should be income after business expenses are deducted, the evidence does not establish that Mr. McCollough ever saw this part of the application or was ever told what was meant by “income.” Mr. McCollough was never asked to submit income tax documents as proof of his income. The trial court found that Mr. McCollough “gave Mr. Easterling the figures that he asked for as he understood Mr. Easterling’s questions.” We find no error in this determination.
Because Lincoln National failed to prove that Mr. McCollough had the requisite intent to deceive, the trial court was correct in ruling in favor of Mr. McCollough and dismissing the lawsuit.
Lincoln National also asserts as error the trial court’s exclusion of documents from other transactions of Mr. McCollough which allegedly indicate an intent to deceive Lincoln National. These transactions have nothing to do with the application submitted to Lincoln National. The trial judge excluded the evidence and we find no error in his determination that the evidence was irrelevant.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Lincoln National Life Insurance Company.
AFFIRMED.