# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2020

Lyle W. Cayce
Clerk

No. 19-30971

GeoVera Specialty Insurance Company,

*Plaintiff—Appellee*,

*versus*

Michael Odoms,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-1899

Before Elrod, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Michael Odoms owned several rental properties, including one he purchased in 2018 in Marrero, Louisiana. When he applied to GeoVera Specialty Insurance Company for insurance coverage on that house, Odoms represented that neither he nor his spouse Ericka Odoms had "been involved in a . . . bankruptcy during the [previous] 5 years." Until the end of 2015,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30971

however, Ericka had in fact been making payments to creditors pursuant to a plan arising out of her Chapter 13 bankruptcy case filed in 2010. After GeoVera filed an action seeking declaratory relief and rescission of the policy, the district court entered summary judgment in favor of GeoVera based on its finding that Odoms knowingly misrepresented a material fact on the insurance application in failing to disclose his wife's bankruptcy. The district court awarded declaratory relief and allowed GeoVera to rescind Odoms's policy. Odoms appeals the summary judgment in favor of GeoVera. We AFFIRM.

## BACKGROUND

On June 21, 2018, Odoms bought a house located at 6565 Benedict Drive in Marrero, Louisiana (the "Benedict house"). The same day, Odoms applied for tenant-occupied homeowners' insurance through Susan Angelica Insurance Agency ("SAIA"). The application included a question that asked, "[h]as applicant, co-applicant, spouse or domestic partner had or been involved in a foreclosure, repossession, or bankruptcy during the past 5 years?" Odoms answered "no" to this question.

In fact, Odoms's wife Ericka Odoms had filed for Chapter 13 bankruptcy in 2010. For five years, Ericka made payments under a Chapter 13 payment plan. Ericka completed her payment plan in October 2015, and the bankruptcy court discharged Ericka's debts in December 2015.

After Odoms signed and submitted the insurance application for the Benedict house, GeoVera promptly issued the policy. Exactly one month later, on July 21, 2018, the Benedict house burned down. Odoms then filed an insurance claim with GeoVera, which required him to testify via two examinations under oath ("EUO"). During the December 19, 2018 EUO, the examiner asked Odoms about several insurance applications he had completed between 2016 and 2018, around the time he completed the

application for the Benedict house that eventually burned. Each of the applications contained the same bankruptcy-related question as the Benedict house application.

In response to the examiner's questioning, Odoms stated that he was aware of Ericka's bankruptcy when he applied for those insurance policies. He also stated that he knew that Ericka "was actively making payments on debts included in her bankruptcy pursuant to a bankruptcy agreement with her creditors" from October 2010 through October 2015, and that her bankruptcy "had been pending through December 2015." Finally, Odoms conceded that if Ericka "was involved in a bankruptcy during 2010 to 2015," that would have made his responses to the applications' bankruptcy question inaccurate.

GeoVera also took sworn testimony from Ericka. During her EUO, Ericka testified that Odoms knew about her bankruptcy. Ericka further stated that Odoms's answer to the bankruptcy question was inaccurate.

On February 26, 2019, GeoVera informed Odoms that it had determined that Odoms had misrepresented Ericka's bankruptcy status on his insurance application. GeoVera also concluded that Odoms had falsely represented that the Benedict house was connected to public utilities. (The house apparently was not serviced by gas or running water at the time.) Because of these misrepresentations, GeoVera refused to indemnify Odoms's property damage.

On March 1, 2019, GeoVera filed a declaratory judgment action, seeking to rescind the insurance policy based on Odoms's false statements in completing the policy application. After discovery, GeoVera moved for summary judgment. The district court found a genuine dispute of material fact as to whether Odoms knowingly misrepresented the Benedict house's

connection to public utilities.[1]   But the district court granted GeoVera's motion for summary judgment based on the court's finding that there was no genuine dispute that Odoms knowingly made a materially false statement about Ericka's bankruptcy.

Odoms appeals.  He contends that a fact question exists as to whether he misrepresented Ericka's bankruptcy status.  Odoms also asserts that he did not intentionally deceive GeoVera.  Finally, Odoms argues that GeoVera has not demonstrated that his answer to the bankruptcy question was material to GeoVera's coverage determination.  We review each of these contentions in turn.

## STANDARD OF REVIEW

We review a summary judgment de novo, "applying the same legal standards as the district court." *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A genuine dispute of material fact exists "if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "We construe all facts and inferences in the light most favorable to the nonmov[ant] . . . ."  *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005).  We resolve factual questions in the nonmovant's favor, "but only when there is an actual controversy, that

---

[1] On appeal, GeoVera argues that summary judgment is merited based on either of Odoms's application responses at issue.  Because we conclude that summary judgment is appropriate based on the record related to Odoms's response to the bankruptcy question, however, we need not address the district court's ruling as to the utilities question.

is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## DISCUSSION

Under Louisiana law, to rescind an insurance policy on misrepresentation grounds, the "insurer must prove that: (1) the insured made a false statement; (2) the false statement was material; and (3) it was made with intent to deceive." *Willis v. Safeway Ins. Co. of La.*, 42,665 (La. App. 2 Cir. 10/24/07), 968 So. 2d 346, 350. Finding that GeoVera sufficiently proved these three elements as to Odoms's answer to the policy application's bankruptcy question, the district court entered summary judgment in favor of GeoVera. The district court further held that GeoVera could rescind Odoms's policy due to the material misrepresentation on his insurance application.

On appeal, Odoms takes issue with the district court's ruling as to each element. First, he asserts that there is a fact question about whether he actually misrepresented Ericka's bankruptcy status. While he indicated on the 2018 policy application that neither he nor his spouse had "been involved in a . . . bankruptcy during the past 5 years," Odoms contends that it is not clear that Ericka's payments constitute "involvement" in a bankruptcy. That is, Odoms asserts that the question was ambiguous. Odoms asks that we construe this ambiguity against GeoVera. *See Carrier v. Reliance Ins. Co.*, 1999-2573 (La. 4/11/00), 759 So. 2d 37, 43 ("[E]quivocal provisions seeking to narrow an insurer's obligations are strictly construed against the insurer.").

In the district court, Odoms did not argue that the bankruptcy question was ambiguous. Nor did Odoms ask the district court to construe any such ambiguity against GeoVera. Odoms has thus waived this argument on appeal. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) ("If a party

fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.") (quotation marks and citation omitted).

Regardless, the undisputed record belies Odoms's assertion. Odoms's own testimony, confirmed by Ericka's EUO, demonstrates that, when he completed the policy application in 2018, Odoms knew that Ericka's Chapter 13 bankruptcy case remained pending until the bankruptcy court discharged her debts in December 2015. *See* 11 U.S.C. § 1328(a) (2018) (providing for discharge of debts in bankruptcy after all payments under Chapter 13 plan are made by debtor); *see also In re Foster*, 670 F.2d 478, 484 (5th Cir. 1982) (noting that "[i]n return for compliance with the plan, a debtor is entitled to a discharge of all debts provided for by the plan") (internal quotation marks and citation omitted). Yet he represented to GeoVera that, as of 2018, neither he nor his spouse had been involved in a bankruptcy during the preceding five years. This was false, and there is no genuine dispute of material fact that Odoms misrepresented the existence of Ericka's bankruptcy to GeoVera.

Odoms contends that, assuming his response to the bankruptcy question was false, he nonetheless did not intentionally deceive GeoVera about Ericka's bankruptcy status. "Intent to deceive must be determined from surrounding circumstances indicating the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality." *Cousin v. Page*, 372 So. 2d 1231, 1233 (La. 1979).

Such circumstances exist here. The same record that substantiates the falsity of Odoms's misrepresentation about Ericka's bankruptcy demonstrates "the insured's knowledge of the falsity," *id.*, because Odoms's

and Ericka's testimony make clear that Odoms knew that Ericka's bankruptcy continued until late 2015 and that his answer to the application's bankruptcy question was therefore false.  Further, the record shows at least "circumstances which create a reasonable assumption that [Odoms] recognized the materiality" of his misrepresentation.  *Id.*  Before completing the application for coverage of the Benedict house, Odoms submitted six separate policy applications to GeoVera, for other properties.  On each, Odoms made the same representation that neither he nor his spouse had been involved in a bankruptcy in the preceding five years.  The district court found that this fact "demonstrate[d] his intent to deceive GeoVera."  *See Watson v. United of Omaha Life Ins. Co.*, 735 F. Supp. 684, 686 (M.D. La. 1990) (finding that insured party appreciated the materiality of her misrepresentations and made them with the intent to deceive because she had prior experience with life insurance).

Odoms's attempts to refute this record are unavailing.  First, he offers an affidavit as evidence of a fact dispute about his intent to deceive GeoVera.  In his affidavit, Odoms stated that "[h]e believed the correct and truthful answer to [the bankruptcy question] was 'no.'"  He also averred that "[h]e did not believe that his wife's participation in a payment plan set up as a result of her 2010 bankruptcy amounted to 'involvement' with a bankruptcy for the purposes of the GeoVera application."  But Odoms's affidavit conflicts with his prior testimony, in which he admitted that his answer to the bankruptcy question was inaccurate.  The affidavit is thus insufficient to create a genuine dispute of material fact.  *In re Deepwater Horizon*, 857 F.3d 246, 250 (5th Cir. 2017) ("[A] non-movant cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity.") (internal quotation marks and citation omitted).

Likewise, Odoms's assertion that he was entitled to rely on his insurance agent SAIA's expertise in completing the application lacks merit. Odoms posits that he would have answered the bankruptcy question differently if SAIA had explained that Chapter 13 payment plans constitute "involvement" in a bankruptcy. According to Odoms, because SAIA failed to clarify the bankruptcy question, he honestly believed that his answer was correct.

In Louisiana, "a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him." *Aguillard v. Auction Mgmt. Corp.*, 2004-2804 (La. 6/29/05), 908 So. 2d 1, 17. Odoms signed the subject insurance application. He also affirmed that he had "read the . . . application and . . . attachments and declare[d] that the information [was] true and complete." And as the district court noted, Odoms never asked SAIA for clarification about whether the application's bankruptcy question covered Ericka's bankruptcy, even though he completed multiple applications that included the same question. Odoms cannot pin his otherwise knowing misrepresentation on SAIA's failure to explain the application's bankruptcy question to him.

At the very least, the circumstances "create a reasonable assumption that [Odoms] recognized the materiality" of his answer. *Cousin*, 372 So. 2d at 1233. The district court correctly found that Odoms intended to deceive GeoVera. *See Pac. Ins. Co. v. La. Auto. Dealers Ass'n*, 273 F.3d 392, 2001 WL 1013089, at *6–7 (5th Cir. 2001) (unpublished).

Finally, Odoms asserts that GeoVera has not demonstrated his misrepresentation's materiality. "A statement is material if it is of such a nature that, had it been true, the insurer either would not have contracted, or would have contracted only at a higher premium rate." *Willis*, 968 So. 2d at

350. Odoms contends that GeoVera has not demonstrated that it would have declined the policy application had it known about Ericka's bankruptcy. We disagree.

In a sworn declaration, Joseph Belton II, GeoVera's claim manager, explained GeoVera's underwriting rules. Belton stated that under the underwriting rules, GeoVera would have denied Odoms's application if he had answered "yes" to the bankruptcy question. Odoms offered no evidence contradicting Belton's declaration. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 927 (5th Cir. 2010) (providing sworn affidavit supported summary judgment because opposing party did not offer evidence against the affidavit's truthfulness). In the absence of evidence to the contrary, there is no genuine dispute that, based on Belton's declaration, Odoms's misrepresentation was material.[2] The district court's reliance on Belton's declaration in granting summary judgment was thus proper.

## CONCLUSION

GeoVera has demonstrated that Odoms knowingly misrepresented Ericka's bankruptcy status and that his misrepresentation was material. Odoms failed to produce evidence sufficient to create a genuine dispute of material fact as to any of the elements of GeoVera's claim for rescission. Accordingly, we AFFIRM the district court's summary judgment.

---

[2] Odoms attempts to show a fact dispute by pointing to distinctions in the wording of GeoVera's underwriting manual and its insurance application. GeoVera's underwriting manual lists risks that render applicants ineligible for insurance. Among these risks are "[f]oreclosure, repossession, or bankruptcy during the past 5 years (filed, declared, or had any kind of other involvement in such proceedings)." By contrast, the insurance application asks about spouses' bankruptcies as well. But Odoms did not raise the language difference in the district court and has therefore waived this argument on appeal. *Keenan*, 290 F.3d at 262.